John L. Eaton, appellant, *vs.* Samuel Graham, appellee.

*Appeal from Bureau.*

This Court will presume that the Circuit Court decided correctly in denying a rule for security for costs, unless the ground of the application appears upon the record.

The statute requiring justices to indorse the amount of the plaintiff's demand on the back of the summons is directory; an omission to do so, will not operate to defeat the action, especially if the objection is first taken in the Circuit Court. If the justice does indorse the amount of the plaintiff's demand, the recovery will be limited to that amount.

The repeal of a statute imposing a penalty, at any time before judgment rendered, will take away the right of action.

If the power to change a law is delegated, no change is thereby made, until the power is exercised, by changing the law.

This was an action originally commenced before a justice of the peace, in Bureau county, to recover a penalty of the appellant, for permitting hogs to run at large. There was no indorsement of the amount claimed on the back of the summons. In the Circuit Court, the appellee recovered a judgment against the appellant for ninety dollars, who, thereupon, prayed this

appeal. A motion was made in the Circuit Court to abate the suit, because the law authorizing the recovery of the penalty had been repealed by the law authorizing township organization. The cause was tried at April term, 1850, of the Bureau Circuit Court, by a jury, T. L. Dickey, Judge, presiding.

E. S. LELAND, for appellant.

GLOVER & COOK, for appellee.

Opinion by Mr. Justice CATON :

We presume the Circuit Court decided correctly, in denying the application for a rule on the plaintiff for security for costs. There is nothing to show that that decision was wrong. The affidavit upon which the rule was asked, is not in the record, and the presumption is, that no sufficient cause for the rule was shown. For aught that appears, sufficient security may already have been given, for by his certificate the clerk does not profess to have sent up a complete copy of the record. Nor can the party take any thing by his objection, that the plaintiff's demand was not indorsed on the back of the summons. The statute requiring the justice to indorse the amount of the plaintiff's demand on the back of the summons was directory, and when he has omitted to do so altogether, it ought not to operate to defeat the action, especially when the objection was first taken in the Circuit Court. Swift *vs.* Woods, 5 Blackf. R., 97. Had the justice, in pursuance of the directions of the statute, indorsed the amount of the plaintiff's demand upon the summons, then his recovery would have been limited to that amount. Dowling *vs.* Stewart, 3 Scam., 193.

But the important question is, was the law of the 10th of February, 1849, which imposed this penalty, repealed, as to Bureau county, either by the passage or by the adoption by that county of the township law, which was approved two days after? Without determining that question, we will assume that this law was adopted by Bureau county the day before this cause was tried; and if the law of the 10th of February, was thereby repealed, then there was no law imposing the penalty, and no judgment for the penalty could legally be rendered. The repeal of the statute, at any time before judgment, would take away the plain-

tiff's right of action. Commonwealth *vs.* Kimball, 21 Pick. R., 373; Lewis *vs.* Foster, 1 N. H. R., 61.

The first law prohibits hogs from running at large in Bureau county, and imposes upon the owner a penalty of one dollar for each hog suffered to run at large in that county. By the fourth section of the third article of the township law, the electors of each town, at their annual town meeting, are authorized, among other things, " to determine the time and manner in which cattle, horses, mules, asses, hogs, sheep or goats, shall be permitted to go at large, and what animals shall not be permitted to go at large;" and also to impose penalties for the violation of town regulations. The last section repeals " any former statutes, or parts of statutes, which conflict with any of the provisions of this act." If the former law is inconsistent with the latter, then it is repealed, but not otherwise. The former law says, that hogs shall not run at large, but the latter law does not say they may. By the latter law, power is delegated to the towns to legislate on certain subjects, but that cannot affect the force of laws previously made on those subjects, until, in the exercise of the power delegated, another law is prescribed. The power to make a new law, necessarily implies the power to change an existing one on the same subject; but the grant of power does not of itself change the law. The power to change this law always rested somewhere; and what matter is it, as to the continuing force of the law, whether the power to change it continues exclusive in the Legislature, or be transferred to an inferior body? Even a change of the sovereignty of a country does not, of itself, repeal the general laws in force there, unless they be inconsistent with some general law of the new sovereign; but it only confers upon the new sovereignty the power to change the laws when it shall see fit. How much more, then, should a law remain in force, which the sovereign power has enacted, and has then conferred the power to change it upon a subordinate authority—a creature of its own creation? It cannot be that the mere act of conferring power to make a law on a particular subject, of itself, annuls immediately all existing laws on that subject. Suppose the Legislature should confer upon this Court authority to fix the times when the Court should be holden, (and, by the way, I think such a law would be a convenient one,) would it be contended that the law now existing

on the subject would be thereby repealed, and immediately cease to operate? Until we should pass an order changing the terms, writs would be returnable as now prescribed by law. But it is useless to multiply illustrations, in proof of so plain a proposition. We have been referred to a class of cases establishing the principle that a subsequent law, revising the whole subject matter of a former law, and evidently intended as a substitute for it, will repeal, by implication, the former act; or, where a subsequent law is passed, which is inconsistent with the former one, then, as both cannot stand together, the former must yield to the latter. These principles are not disputed; but we conceive that they do not apply in this case. Here has been no revision of the subject matter of the first law, nor has any new law been passed on the subject, the provisions of which are inconsistent with that. Authority has been given to the towns to adopt regulations on the subject, which may be inconsistent with the existing law, but, till they exercise that power, there can be no conflict of laws, any more than if the power to pass the new law had remained exclusive in the Legislature.

We wish further time for reflection, before we decide whether the Courts will take judicial notice of the adoption of the township law in the counties which have adopted it, or whether that is a fact to be proved. In this case the decision would be the same, whichever way that question should be determined.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*