# JOHN M. WILSON

## v.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

1. STATUTE—*repeal by implication.* It is a familiar rule, that every statute is, by implication, a repeal of all prior statutes, so far as it is contrary and repugnant thereto, without any repealing clause.

2. It is a general rule that, when a statute imposes a new penalty for an offense, it repeals, by implication, so much of the former statute as established a different penalty.

3. The 38th section of the act of 1849, "to provide for a general system of railroad incorporations," required a bell of at least thirty pounds weight, or a steam whistle, to be placed on each locomotive engine, and that the same should be rung or whistled at least eighty rods from the place where the railroad crossed any other road or street, and be kept ringing or whistling until such other road or street was crossed, "*under a penalty of fifty dollars* for every neglect," etc. The act of 1869, entitled "An act to amend the railroad law," so amended the law in respect of the penalty for this neglect of duty, as to read "*under a penalty of not* exceeding one hundred dollars:" *Held,* that, as the latter act allowed a latitude of discretion in respect to the penalty from one cent to $100. it was inconsistent with and repugnant to that of 1849, directing an absolute and fixed penalty of $50, repealed the former by implication.

4. SAME—*effect of repeal upon prosecution under the prior law.* As the effect of a repealing statute is to obliterate the prior law as completely from the records as if it had never passed, except as to actions or suits which were commenced, prosecuted and concluded while it was an existing law, it follows that the repeal of a statute puts an end to all prosecutions under the repealed statute, and to all proceedings growing out of it, pending and undetermined at the time of the repeal.

5. CONSTITUTIONAL LAW—*what is an ex post facto law.* An *ex post facto* law is one which renders an act punishable in a manner in which it was not punishable when it was committed, whether by personal or pecuniary penalties.

6. Where the law in force at the time of the commission of an act, or omission of duty, affixed a penalty of $50, as the exact measure of punishment, and this was subsequently amended by fixing a discretionary penalty not exceeding $100, with a saving clause in the amendatory act, that it should not apply to suits then pending under the prior law, except as to the penalty which was made to apply to suits then pending: *Held,* that so much of the saving clause which sought to change the punishment and apply the same to existing suits for the penalty, was an *ex post facto* law, and void.

WRIT OF ERROR to the Circuit Court of Richland county.

The 38th section of the act to provide for a general system of railroad incorporations, approved November 6, 1849, was as follows:

" A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of $50 for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half thereof to. the State, and also be liable for all damages which shall be sustained by any person by reason of such neglect." Sess. Laws 1849, p. 31.

At the June term, 1868, of the Richland circuit court, this. action was brought for penalties alleged to have been incurred under the above act, the declaration containing eleven hundred

and fifteen counts, and claiming the penalty of $50 in each count.

While this suit was pending, an act was passed and went into force February 27, 1869, entitled "An act to amend the railroad law," the first section of which is as follows:

"That section 38 of an act entitled 'An act to provide for a general system of railroad corporations,' approved November 5th, 1849, and any similar provision in any special railroad charter heretofore passed, be and the same is hereby amended so as to read as follows, viz: 'A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine, which shall be rung or whistled by the engineer or fireman at the distance of at least eighty rods from the place where the railroad crosses any public street or highway, and be kept ringing or whistling until such street or highway is reached, *under a penalty of not exceeding* $100 *for each neglect,* one-half of which penalty to go to the prosecuting witness, and the other half to go to the State; and the corporation owning the railroad shall be liable to any party injured for all damages sustained by reason of such neglect: *Provided,* that such penalty shall be sued for within three months from the time the cause of action accrues, and not thereafter.'

"Sec. 2. This act shall not apply to suits now pending under the section hereby amended, except that the penalty recoverable in such suits *shall be not exceeding* $100, *instead of* $50, *as therein provided.*"

By plea *puis darrein continuance,* the last mentioned statute was set up as a defense to the action. The plaintiff demurred to the plea. The court overruled the demurrer and gave judgment for the defendant.

The plaintiff brings the case to this court by writ of error, and assigns for error the decision of the court below upon the demurrer.

Mr. M. SCHÆFFER, and Mr. B. B. SMITH, for the plaintiff in error.

Mr. H. P. BUXTON, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This action was brought to recover divers penalties alleged to have been incurred under the 38th section of the act entitled "An act to provide for a general system of railroad incorporations," approved November 5. 1849.

Pending the action, and before trial, another act was passed upon the same subject, which went into force February 27, 1869.

Two questions are presented by this record for consideration: 1. Was the former of these statutes repealed by the latter? 2. If so, what was the effect of such repeal upon this action pending at the time?

First, then, as to the repeal. The statute of 1849 affixes to each violation the absolute and imperative penalty of $50, while that of 1869 allows a latitude of discretion. The language is, "under a penalty of *not exceeding* $100." And by this latitude of discretion the penalty under the latter may be double that under the former.

It is a familiar rule, that every statute is, by implication, a repeal of all prior statutes, so far as it is contrary and repugnant thereto, and that without any repealing clause.

In *Rex* v. *Cator*, 4 Burrows, 2026, the defendant was convicted for enticing artificers into foreign service. There were two statutes upon the same subject. That of 5 George I. c. 27, directed a fine *not exceeding* £100 and three months imprisonment, while the subsequent act, 23 George II. c. 13, inflicted a penalty of £500 and twelve months imprisonment. Lord MANSFIELD held the former act to have been repealed by the latter.

35—64TH ILL.

So, where an act prohibited an unlicensed person from selling rum, under a penalty of $20 for each offense, and a subsequent statute prohibited the same act on pain of forfeiting not more than $20 nor less than $10 for each offense, the former statute being absolute and imperative, and the latter allowing a latitude of discretion, it was held the two statutes were essentially and substantially inconsistent and that the former was repealed by the latter act. *Commonwealth* v. *Kimball*, 21 Pick. 373.

It is a general rule that, where a statute imposes a new penalty for an offense, it repeals, by implication, so much of the former statute as established a different penalty. Sedgwick on Stat. and Const. Law, 125.

But the second section of the act of 1869 repeals the penalty of the act of 1849, so far as related to existing suits, by express language, thus: "This act shall not apply to suits now pending under the section hereby amended, except that the penalty recoverable in such suits shall be not exceeding $100, instead of $50, as therein provided."

These words leave no room for doubt that the intention of the law-maker was to repeal the 38th section of the act of 1849.

But, inasmuch as the act of 1869, allowing a latitude of discretion in respect to the penalty from one cent to $100, is inconsistent with and repugnant to that of 1849, directing a *peremptory* penalty of $50, it necessarily follows that the act of 1849 is repealed by that of 1869, except so far as saved by the second section of the latter act, but that such second section, which expressly purports to substitute a new punishment for violations of the act of 1849 already committed, and for which suits were then pending, must be regarded as an *ex post facto* law, and void.

An *ex post facto* law is one which renders an act punishable in a manner in which it was not punishable when it was committed, whether by personal or pecuniary penalties. Sedg. on Stat. and Const. L. 599; *Fletcher* v. *Peck*, 6 Cranch, 138

In only remains to consider the effect of the repeal of the 38th section of the act of 1849 under which this suit was brought, after its commencement and before judgment. That question is settled by the case of *Van Inwagen* v. *The City of Chicago,* 61 Ill. 31. There this court said: "The effect of a repealing statute is to obliterate the prior law as completely from the records as if it had never passed, and it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded while it was an existing law." *Ray* v. *Goodwin,* 4 Moore & Payne, 341; Dwarris on Stat. 676.

Upon this principle, the repeal of a statute puts an end to all prosecutions under the statute repealed, and to all proceedings growing out of it pending at the time of the repeal. Sedg. 130, and cases in notes.

We are of opinion the case was properly disposed of in the court below, and its judgment is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER, Mr. JUSTICE SCOTT, and Mr. JUSTICE CRAIG: We do not concur in this opinion.