STATE OF MINNESOTA

*vs.*

ANGUS McDONALD and ROBERT B. LANGDON.

*Section 7, chap.* 98, *Gen. Statutes,* enacted that " If any of the persons so (referring to section 1) unlawfully assembled, * * pull down or destroy any dwelling house * * * he shall be punished by imprisonment in the state prison not more than seven years nor less than three years." Defendants were indicted under this section in December, 1871.

By an act approved March 1st, 1872, it was enacted, " Section 1. That section seven of chapter ninety-eight, of the General Statutes of Minnesota be, and the same is hereby amended so as to read as follows : Section 7. If any of the persons so unlawfully assembled, * * * pull down or destroy any dwelling house * * * he shall be punished by imprisonment in the state prison not more than seven years, nor less than three years, or by fine not exceeding one thousand dollars in the discretion of the court." *Held,* that defendants cannot be convicted or punished under *section 7, chap.* 98, *Gen. Stat.,* or under the act of March 1st, 1872.

The defendants were indicted at the December term, 1871, of the district court for Goodhue county, under *sec. 7, ch.* 98, *Gen. Stats.,* alleging the offense to have been committed June 17th, 1871, and the defendants were arraigned at the same term, and after pleading not guilty to the indictment, the case was continued. By *sec.* 1, *ch.* 54, *Laws of* 1872, the above section under which the indictment was found was amended. At the May term, 1872, of said district court, the defendants, by leave of the court, demurred to the indictment, on the following grounds :

" First.—That the facts stated in the indictment do not constitute a public offense, under which this or any other

State of Minnesota v. McDonald et al. .

court by its judgment can impose any penalty, fine or punishment."

" Second.—That matters have transpired since the finding of said indictment, and the defendants' plea thereto, which operate as a legal bar to this action, in this, to-wit: That said indictment was based and founded on *section* 7, *of chapter* 98, *Gen. Stat. of this State.* That by an act approved March 1, 1872, said section 7 of said act under which said indictment was found, was repealed and a new law substituted therefor, which wholly changes the penalties provided in the old law, and so far as this cause is concerned is an *ex post facto* law." After hearing the arguments of counsel upon the questions raised by the demurrer, and upon consent of the defendants, the district court certified the case to this court under *sec.* 1, *ch.* 76, *Laws of* 1870.

The opinion shows the nature of the offense charged, and the section under which the indictment was found, both before and after its amendment.

J. C. McCLURE, for the State.

E. T. WILDER, and SMITH & VAN SLYCK, for Defendants.

*By the Court.*—BERRY, J.—In December, 1871, defendants were indicted under *section* 7, *chap.* 98, *Gen. Statutes,* for pulling down and destroying a dwelling house. The section reads as follows: " If any of the persons so (referring to section 1) unlawfully assembled, demolish, pull down, or destroy any dwelling house, or any other building, or any shop, steamboat or vessel, he shall be punished by imprisonment in the state prison, not more than seven years, nor less than three years." By an act approved March 1st, 1872, the legislature enacted " Section 1. That section seven of chap-

ter ninety-eight of the General Statutes of Minnesota be and the same is hereby amended so as to read as follows: Section 7. If any of the persons so unlawfully assembled, demolish, pull down or destroy any dwelling house or any other building, or any shop, steamboat or vessel, he shall be punished by imprisonment in the state prison not more than seven years nor less than three years, or by fine not exceeding one thousand dollars in the discretion of the court. Section 2. This act shall take effect and be in force from and after its passage."

At the May term, 1872, of the district court, defendants demurred to the indictment, and for the purpose of obtaining the decision of this court upon the question raised by such demurrer, the judge of the district court has reported the case here under the provisions of *section* 1, *chap.* 76, *Laws* 1870.

The demurrer was, in our opinion, well taken. Whether in strict accuracy the act of March 1st, 1872, could be said to have *repealed* section 7, chap. 98, Gen. Statutes, it is not necessary to inquire. It certainly added to and altered it, so that it is no longer *the same law* as before the addition and alteration. In other words, section 7, chap. 98, Gen. Stat., is no longer in force, but the act of March 1st, 1872, has superceded it and taken its place. It follows as a matter of course, that the defendants cannot be convicted or punished under section 7, chap. 98, General Statutes.

This brings us to the remaining question whether the defendants can be convicted or punished under the act of March 1st, 1872. The defendants say no, because, as they argue, the act of March, 1st, 1872, is prospective, or, if not prospective, it is as to them in this case *ex post facto.* It is either prospective or not prospective. If it is prospective, it of course cannot apply to the acts for which defendants stand indicted, as they were committed before its passage.

If not prospective, it is clearly *ex post facto*, because it renders the acts of defendants charged in the indictment punishable in a manner in which they were not punishable when committed. *Fletcher vs. Peck*, 6 *Cranch.* 138 ; 1 *Kent*, 409 ; *State vs. Johnson*, 12 *Minn.* 484 ; *State vs. Ryan*, 13 *Minn.* 374. Whether if the act of March 1st, 1872, had simply operated plainly and distinctly to relax or remit some part of the punishment prescribed by the act to which it is amendatory, it might not properly be excepted from this general definition of *ex post facto* laws, we do not now inquire.

Our decision, then, is that the demurrer should be sustained.