## THE COUNTY OF MENARD

*v.*

## J. K. KINCAID *et al.*

| 71 | 587 |
|----|----|
| 194 | ¹629 |

1. REPEAL OF STATUTES—*effect of, on pending proceedings.* The effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits which were commenced, prosecuted and concluded whilst it was an existing law.

· 2. Proceedings were instituted to lay out a road in a county not under township organization, under the "Act in regard to roads and bridges," approved April 10, 1872, and on the 19th of March, 1873, damages were assessed under the act, before a justice of the peace, from which assessment the owner of the land appealed to the circuit court. On the 9th of April, 1873, the commissioners of highways laid out the road, and on the 11th of the same month filed their order, declaring the road a public highway, with the report of the surveyor, in the office of the county clerk. On the 18th of the same month, and before the time allowed by the act for taking an appeal from this order laying out the road expired, the act was repealed, without any saving clause. At the July term, 1873,

of the circuit court, on motion of the commissioners of highways, the appeal from the assessment was dismissed, on the ground that the law under which the proceedings were instituted had been repealed: *Held,* that at the time of the repeal, neither the proceeding as to the assessment of damages nor laying out the road could be fairly considered as concluded, and that the effect of the repeal was to annul all that had been done toward laying out the road.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. T. W. McNEELY, for the appellant.

Mr. EDWARD LANNING, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an appeal from a judgment of the circuit court of Menard county, reversing an order of the county court of said county, in relation to the laying out and opening of a public road over the land of the appellees.

The proceeding for laying out the road in Menard county, a county not under township organization, was commenced in February, 1873, under the "Act in regard to roads and bridges," approved April 10, 1872, (Laws of 1871–72, p. 675.) which vested in the commissioners of highways the superintendence of highways, and the duty of laying out and establishing roads. Appellees' damages, for laying out the road over their lands, were assessed, under the provisions of that act, before a justice of the peace, March 19, 1873, from the judgment on which assessment against the commissioners of highways appellees appealed to the circuit court of Menard county.

On the 9th of April, 1873, the commissioners of highways laid out the road, and made their order declaring the road laid out a public highway, and on the 11th of April this order, with the report of the surveyor, was filed in the office of the county clerk. On the 18th of April, the said act was repealed, without any saving clause in the repealing act, by the "Act

in regard to gateways, roads and bridges in counties not under township organization," approved April 18, 1873, which went into immediate force, and which vests the county court of counties not under township organization with general superintendence over the public roads within their respective counties, and authority to cause new roads to be located and made, and to alter or vacate public roads—the act not recognizing the existence of any such officers as commissioners of highways. At the July term of the Menard circuit court, on the 21st of July, 1873, on motion of the commissioners of highways, the appeal from the assessment of damages was dismissed, to which the appellants there. excepted.

On the 3d day of September, 1873, the county court of Menard county, on petition setting forth the proceedings which had been had, ordered that the appellees be paid their damages which had been assessed, and that the road be opened. This is the order which the circuit court of Menard county reversed on appeal, which judgment of reversal is the one here appealed from by Menard county. The question presented by the record is, as to the effect of the repealing act of April 18, 1873, upon the proceedings which had previously been had under the act repealed, of April 10, 1872.

It is claimed by the appellees, that the dismissal, on the 21st of July, 1873, of the appeal from the assessment of appellees' damages before the justice of the peace, amounted to an affirmance of the justice's judgment.

Ordinarily, the dismissal of an appeal has such effect. *McConnel* v. *Swailes*, 2 Scam. 571 ; *Sutherland* v. *Phelps*, 22 Ill. 91. But we think the circumstances of the dismissal, and the fact that the whole law under which the case was pending at the time of dismissal had been repealed, takes this case out of the general rule.

In *Key* v. *Goodwin*, 4 Moore & Payne, 341–351, Lord Ch. J. Tindal thus laid down the rule applicable to such a case: "I take the effect of a repealing statute to be, to obliterate it (the statute repealed) as completely from the records of the

parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted, and *concluded* whilst it was an existing law." And see *Eaton* v. *Graham,* 11 Ill. 619 ; *Van Inwagen* v. *The City of Chicago,* 61 id. 31 ; *Wilson et al.* v. *Ohio and Mississippi Railroad Co.* 64 Ill. 542 ; *Butler* v. *Palmer,* 1 Hill, 324.

In the present case, the appeal from the judgment on the assessment suspended it, and deprived it of all force and effect until action of the circuit court was had in regard to it. The appellants were entitled to have a trial *de novo* upon the question of damages. On the repeal of the act under which the proceeding was being had, the right of action against the commissioners of highways was gone, and nothing remained but to dismiss the case out of court. And although the dismissal was of the appeal, instead of the proceeding for the assessment of damages, it was not on motion of the appellants, but on that of the appellees, the commissioners of highways, and on the ground, as the order shows, that the law under which the proceedings were instituted had been repealed, without any saving clause, and there was no law under which to proceed.

It would be unreasonable to construe this as an affirmance of the assessment. At the time of the repeal, the assessment appealed from then possessed no force or effect. We do not think it was in the power of the court afterward, by its action, to give to the assessment any force or effect which it did not then possess, at the time of the repeal. Its jurisdiction over the subject matter had been taken away.

It is contended, that the laying out the road is a matter distinct from the assessment of damages ; that the one may stand independent of the other, and that, however it may be as to the assessment of damages, the laying out of the road was a thing concluded ; that the commissioners of highways had made their written order laying out the road, and had filed the same in the office of the county clerk, and that no

appeal having been taken from that order, as provided for by the act, it had become a finality ; and that, therefore, the court erred at least in its finding that the road was not an established, laid out road while the appeal from the assessment of damages was pending. It is true, that in section 53 of the repealed act it is provided, that in case of an appeal from the assessment of damages, the commissioners of highways may, in their discretion, make an order laying out the road either before or after the appeal is determined. The repealed act provided for a right of appeal from the order laying out the road within ten days after the filing of the same in the office of the county clerk. The order in this case was filed on the 11th of April, 1873, and the repeal was on the 18th of April, before the time of ten days limited for an appeal had expired, and before the time for the recording of the order, the act fixing that time to be after the time for appeal had expired.

Again, section 61, of the repealed act, provided that in cases where the commissioners of highways shall be of opinion that the damages assessed by the jury are manifestly too high, and that the payment of the same would be an unreasonable burden upon the tax-payers of the town or road district, the commissioners may revoke all proceedings had, and such revocation shall have the effect to annul all such proceedings and assessments of damages, unless the decision of the commissioners is appealed from, and reversed or modified. We do not see how, agreeably with this provision of the act, the commissioners could make a final order for the establishment of the road, until a final assessment of the damages had been had, so as to give the opportunity, in view of their amount, to determine whether they were too high, and would be an unreasonable burden upon the tax-payers, and to exercise the discretionary power in such case to revoke all proceeding had upon the petition for laying out the road, and annul the assessment.

We can not accede to the view urged by appellees, that

the repeal affected only the appeal, merely operating to destroy the right to prosecute that, and that the effect was, to leave the assessment and order laying out the road in force, in the same manner as if no appeal had been given by law. No such purpose is expressed in the repealing act—the repeal is total.

The effect would be, to allow the public an unjust advantage against the land owners, not intended by either act.

At the time of the repeal, the assessment of damages was triable. The order laying out the road was appealable from, and was not then admissible to record ; and we are of opinion that all was inchoate ; that neither proceeding, either as to the assessment of damages or the laying out of the road, could be fairly considered as concluded ; and that the effect of the repeal was, to annul all that had been done under the petition toward the laying out of the road.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*