# CASES DETERMINED

## August Term, 1878.

---

### STATE vs. CAMPBELL.

| 44 | 529 |
| 90 | 160 |

| 44 | 529 |
| 104 | 305 |

*Embezzlement by public officers. Implied repeal of statute without saving clause as to past offenses.*

1. Ch. 340 of 1876 contains a complete revision of the law of this state upon the subject of embezzlement by public officers, and operated to repeal secs. 30 and 31, ch. 165, R. S. of 1858.
2. The act of 1876 not containing any saving clause as to offenses of that character committed before it took effect, no such offense, so committed, can now be punished. *Dillon v. Linder*, 36 Wis., 344, and subsequent cases in this court. TAYLOR, J., dissents.

REPORTED from the Circuit Court for *La Fayette* County.

The case is thus stated by Mr. Justice COLE, in his opinion as originally prepared:

" An information was filed by the district attorney in December, 1876, charging that on the 28th day of November, 1876, the defendant, then and there being county treasurer of La Fayette county, and, by virtue of his office, entrusted with the collection, safe-keeping, receipt, transfer and disbursement of the taxes, revenues, fines and other money, belonging to said county, did convert to his own use a part, to wit, the sum of $9,269.82 thereof, and did willfully neglect and refuse to pay over the same according to the provisions of law, so that he was not able to meet the demands of a person lawfully de-

manding the same, to wit, the demands of one Albert Richardson, duly appointed by the board of supervisors of said county to discharge the duties of the office of county treasurer of said county, and who, at the time and place aforesaid, lawfully demanded the same of the defendant, against, etc. The defendant was tried on this information in July, 1878, when he was found guilty by the jury of the crime of embezzlement as charged.

"After motions for a new trial, and in arrest of judgment, had been made and overruled, the learned circuit judge, the defendant desiring and consenting thereto, reported the case, under the statute, for the decision of this court upon the following questions of law, arising upon the trial:

"'I. Does sec. 30, ch. 165 of the revised statutes of 1858, so far as it prescribes that the facts stated in the information in this case constitute the offense of embezzlement, conflict with or contravene the provisions of ch. 340 of the laws of 1876; and is said sec. 30 *pro tanto* repealed by said ch. 340?

"'II. Does sec. 31, ch. 165 of the revised statutes of 1858, so far as it prescribes the punishment for the offense of embezzlement, conflict with or contravene the provisions of ch. 340 of the laws of Wisconsin of 1876; and is said sec. 31 *pro tanto* repealed by said ch. 340?

"'III. Can any punishment be lawfully inflicted or imposed by the sentence and judgment of the circuit court upon the verdict of the jury, under the operation of either sec. 31 of ch. 165 of the revised statutes of 1858, or ch. 340 of the laws of 1876; and if so, which law prescribes the rule of action for the court in awarding the punishment for the offense charged in the information?'"

*The Attorney General*, for the state, referred to certain resolutions of inquiry, found on pp. 131 and 134 of the Senate Journal of 1876, and the information given to the senate in response to those inquiries, as found on p. 146 of the same journal; and he contended that this information obviously

led to the passage of ch. 340 of that year, and also of ch. 341, "An act to establish the salaries of the state officers," and that the former act was intended to reach state officers only, and therefore contains many provisions wholly inapplicable to county officers. He further contended that secs. 30, 31, ch. 165, R. S. of 1858, and ch. 340 of 1876, so far as public officers are concerned (if the latter statute includes all public officers), should both stand together, if possible, as affirmative statutes (Bish. on Stat. Off., 155–165; *Daviess v. Fairbairn*, 3 How., U. S., 636; *Curry v. Railway Co.*, 43 Wis., 670); and that, as the act of 1876 was applicable only to offenses committed after January 1, 1878, offenses committed prior to that time falling within the definitions of secs. 30, 31, ch. 165, R. S. 1858, should be punished under the provisions of that chapter. *Mongeon v. The People*, 55 N. Y., 613, 615, 616, and cases there cited; *Pitman v. Comm.*, 2 Rob. (Va.), 800; *Comm. v. Pegram*, 1 Leigh, 569; 2 id., 727; *Miles v. State*, 40 Ala., 39.

A brief was filed on the same side by *James R. Rose*, district attorney of La Fayette county. He argued, among other things, 1. That to construe the act of 1876 as repealing secs. 30, 31, ch. 165, R. S. 1858, would be to say that the legislature intended, in respect to all offenses committed under the earlier statute before January 1, 1878, the trial for which could be continued until after that date, that the perpetrators should go unpunished; and that an effect so subversive of public justice should not be given to the later statute without absolute necessity. 2. That the act of 1876 did not repeal the earlier statute by implication, because it does not revise the whole subject matter of the earlier act; and that, by the earlier statute, *either* the conversion or the loaning of public moneys, or the willfully neglecting and refusing to pay them over when lawfully demanded, constitutes an embezzlement, while the later act refers only to an unauthorized loaning. The earlier act, therefore, remains in force as to the offense of

willfully refusing to pay over public funds, or so converting them as to be unable to do so.

*M. M. Strong*, for defendant, contended, among other things, 1. That so much of secs. 30, 31, ch. 165, R. S. 1858, as conflicts with ch. 340, Laws of 1876, is repealed thereby, both expressly and by necessary implication.    2. That ch. 340 contains a complete revision of the whole subject of the offense of embezzlement by public officers, and that all that part of sec. 30, ch. 165, R. S. 1858, which relates to that subject, contravenes and is repealed by the later statute.  *Burlander v. Railway Co.*, 26 Wis., 76; *Moore v. Railroad Co.*, 34 id., 173; *Oleson v. Railway Co.*, 36 id., 383; *Bohlman v. Railway Co.*, 40 id., 157; *Rood v. Railway Co.*, 43 id., 146; 3 How., U. S., 636; 5 McLean, 178; 3 Greenl., 22; 9 N. H., 59; 37 id., 295; 19 Vt., 230; 30 id., 344; 31 id., 607; 12 Mass., 537 – 545; 4 Pick., 21; 5 id., 168; 10 id., 37; 15 Conn., 242; 2 Beasley, 290; 1 Ashm., 179; 3 Hill (S. C.), 190; 11 Rich., 447; 12 id., 662; 8 Porter (Ala.), 434; 15 Ala., 746; 40 Miss., 268, 308; 5 Eng. (Ark.), 588; 8 id., 380; 5 Tex., 418; 11 id., 144; 21 id., 734; 5 Ind., 280; 22 id., 204; 3 A. K. Marsh., 70; 2 Dana (Ky.), 344; 6 B. Mon., 146; 15 Cal., 294; 19 id., 501.    3. That at least so much of sec. 30 as relates to the conversion by a public officer of public funds to his own use, is repealed by the later act.    4. That the punishment for embezzlement by public officers by the use and conversion or the loaning of public funds, as prescribed by ch. 340 of 1876, is greater than that prescribed for the same offense by the old act; and that a new statute which provides a different punishment, whether more or less, but especially if more, is inconsistent with and repeals the old law.    Bishop on Stat. Crimes, § 168; *Scrinegrour v. The State*, 1 Chand., 48; *State v. Ingersoll*, 17 Wis., 631; *State v. Gumber*, 37 id., 301; *Hartung v. People*, 22 N. Y., 95; *Shepherd v. People*, 25 id., 406; *Hirschfelder v. The State*, 18 Ala., 112; *State v. Daley*, 29 Conn., 272; *Gorman v. Hammond*, 28 Ga., 85; *State v. Horsey*, 14 Ind., 185; *Strong*

*v. State*, 1 Blackf., 193; *Mullen v. People*, 31 Ill., 444; *Britton v. Comm.*, 1 Cush., 302; *Nichols v. Squire*, 5 Pick., 168; *Comm. v. Kimball*, 21 id., 373; *Leighton v. Walker*, 9 N. H., 59; *Buckalew v. Ackerman*, 3 Hals., 48; *Carter v. Hawley*, Wright (Ohio), 74; *Taylor v. State*, 7 Humph., 510; *Lanthrop v. Comm.*, 6 Gratt., 671.

COLE, J. To the first question we are constrained to give an affirmative answer, in obedience to the rule of construction which this court has often recognized, that where a later statute revises the subject matter of a former statute, it becomes a substitute for the former and works its repeal. *Lewis v. Stout*, 22 Wis., 234; *Burlander v. Railway Co.*, 26 id., 76; *Simmons v. Bradley*, 27 id., 689; *Moore v. R. R. Co.*, 34 id., 173; *Oleson v. Railway Co.*, 36 id., 383. The learned counsel who argued this case on both sides do not differ as to the correctness of this rule, but disagree as to its applicability to the case before us.

Section 30, chapter 165, R. S. 1858, declares that "if any person having in his possession any money belonging to this state, or any county, town, city, or other municipal corporation, or in which this state, or any county, town, city or other municipal corporation has any interest, or if any collector or treasurer of any town or county, or incorporated city, town or village, or the treasurer or other disbursing officer of the state, or any other person holding an office under any law of this state, or any officer of any incorporated company, who now is, by virtue of his office, or shall hereafter be, entrusted with the collection, safe-keeping, receipt, transfer or disbursement of any tax, revenue, fine, or other money, shall convert to his own use, in any way or manner whatever, any part thereof, or shall loan, with or without interest, any portion of the money intrusted to him as aforesaid, or shall willfully neglect or refuse to pay over the same or any part thereof, according to the provisions of law, so that he shall not be able

to meet the demands of any person lawfully demanding the same, whether such demand be made before or after the expiration of his office, he shall be deemed and adjudged to be guilty of an embezzlement." Section 1, chapter 340, enacts that, "every public officer who, by virtue of any public office in this state, becomes the custodian or possessor of any moneys belonging to such office, *ex officio* or otherwise, shall faithfully hold and keep the same until drawn, transferred or invested in accordance with law; and the use or loaning of such moneys by any public officer without the authority of law, shall be deemed embezzlement; and upon conviction thereof he shall be punished by imprisonment in the state prison for a term of not less than one year, nor more than ten years, in the discretion of the court." Section 2 of the same chapter declares that "the use or conversion of any public moneys other than by lawful authority, and the use or deposit of such moneys for private purposes or gain, shall be deemed a loaning or embezzling the same, and, upon conviction thereof, the party so offending shall be punished as provided in section one of this act." Section 8 provides that "all acts or parts of acts conflicting with or contravening the provisions of this act, are hereby repealed." Section 9 provides that "this act shall take effect and be in force from and after the first Monday in January, 1878."

Now it seems to us that the above provisions of chapter 340 contain a complete revision of the law in regard to embezzlement by public officers; consequently, all the subject matter embraced in section 30, chapter 165, which relates to embezzlement by that class of persons, is necessarily repealed by them.

But it is said that chapter 340 is not as broad in its terms as section 30; that certain acts or omissions of duty on the part of public officers, not included in chapter 340, are declared by section 30 to constitute embezzlement; and that therefore, as to this class of cases at least, section 30 is still in force. It

is quite true that chapter 340 expressly repeals only such acts or parts of acts as conflict with or contravene its provisions; but if we are right in holding that it revised the whole subject matter of embezzlement so far as public officers are concerned, then it repeals the former statute on the same subject. For the rule, as already stated, is, that a "subsequent statute, revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on principles of law as well as of reason and common sense, operate to repeal the former." Smith on Stat. and Con. Law, § 786, p. 904.

The learned attorney general further argued that chapter 340 did not refer to a county treasurer, but only related to state officers who had control or possession of moneys belonging to the state. But this construction seems to us utterly inadmissible. For the language of the first section is, "every public officer who, by virtue of any public office in this state;" section 6 declares that "sections one and two of this act shall apply to all public officers within this state;" and section 7 provides that nothing contained in the act relating to the investment of public moneys shall be construed as prohibiting the investment of funds by any county, town, etc., in their respective outstanding indebtedness. In the face of this language, we must hold the position of the attorney general untenable, and that the law applies to a county treasurer, as well as to other public officers entrusted with public moneys. There are, doubtless, provisions in this chapter which relate solely to state officers; but the body of the act, defining what shall constitute embezzlement, manifestly extends to all public officers who, by virtue of their office, are charged with the safe-keeping and disbursement of public money.

Another suggestion was made by the counsel for the state, which was, that as chapter 340 has no relation to past offenses, does not affect to deal with them, it cannot be presumed, as to such offenses, that the legislature intended to supersede the

old law. The words "from and after" found in section 9, it is said, should be incorporated in sections one, two and eight, or the statute should be read as though these words were incorporated, so as to make the law read that as to offenses committed after the first Monday in January, 1878, the party shall be punished under the provisions of this law, but as to offenses committed prior to that time he shall be prosecuted and punished under the revised statutes of 1858. We do not feel authorized to make such an amendment to the law, and to say, not only that it is restricted to offenses committed after it took effect, but that it operated to continue in force the former law as to offenses committed prior to that time.

It follows from what we have said in answer to the first question submitted, that the second question must also be answered in the affirmative. Besides, chapter 340 imposes a greater penalty for the offense, and therefore repeals by implication section 31, chapter 165, R. S. 1858, which establishes a different penalty, even if we are wrong in holding that the chapter revises the whole subject matter of embezzlement so far as public officers are concerned.

We say in answer to the third question, that we fail to perceive how any punishment can be lawfully inflicted or imposed for the offense of which the defendant has been convicted. Doubtless the general rule is as contended for by defendant's counsel, that the punishment of the offense must follow the law existing at the time judgment is rendered, though a different punishment was prescribed by law when the offense was committed. But chapter 340 cannot apply, because it subjects the offense to a heavier punishment than when committed, and the former law was abrogated before the defendant was convicted. Chapter 340 contains no saving clause authorizing a prosecution under the old law for offenses already committed. There is, therefore, no law which will authorize or sustain a judgment on the verdict. *Dillon v. Linder*, 36 Wis., 344; *Rood v. Railway Co.*, 43 id., 146; *Smith v. Railway*

*Co.*, id., 686. It is true, by this construction all offenses committed by public officers under the revised statutes of 1858, which were not prosecuted to judgment prior to the new law taking effect, will go unpunished. But this consequence must rest upon the legislature, and not the courts. The legislature could easily have avoided such a result by enacting a proper saving clause in chapter 340. As the law now stands, we must hold that there is no statute under which the defendant can be punished. We may deplore this, but it is beyond our power to help it without a violation of well settled principles of law.

The cause must be certified back to the circuit court with our answer to the questions submitted.

TAYLOR, J. I dissent from the conclusions arrived at by my brethren in this case; and, without entering into an argument to sustain my conclusions, shall content myself with stating the same, and citing a few well considered cases which I believe sustain such conclusions.

I agree that ch. 340, Laws of 1876, does define what shall constitute embezzlement of public moneys by a public officer after the first Monday of January, 1878; and that the crime of embezzlement by a public officer committed after that date can only be punished as prescribed in said ch. 340; but I disagree with the other members of this court as to the effect which the act of 1876 has upon offenses committed previous to the time when said chapter 340 took effect, and as to the power of the courts to punish offenders guilty of embezzlement under the provisions of sec. 30, ch. 165, R. S. 1858, committed previous to the first Monday of January, 1878.

Upon these questions my conclusions are as follows:

1. Ch. 340, Laws of 1876, does not pretend to interfere with the offense of embezzlement as defined in said sec. 30, ch. 165, R. S. 1858, nor with its punishment under the existing laws, until after the first Monday of January, 1878.

2. That the legislature intended to and did declare, that after the first Monday of January, 1878, public officers dealing with the public moneys in their hands as such officers in the way specified in said act, should be deemed guilty of the crime of embezzlement, and be punished as prescribed therein.

3. That this act, which relates to the future only, and declares what shall constitute embezzlement by a public officer from and after a certain date in the future, and prescribes its punishment, and which does not deal with the offense of embezzlement previous to that date, or pretend to do so, does not conflict with or repeal the existing law which defines the same crime and its punishment previous to the day fixed in the new statute. *Mongeon v. The People*, 55 N. Y., 613; *Commonwealth v. Herrick*, 6 Cush., 465–468.

4. That the two acts can consistently stand together after the later act takes effect, and persons guilty of embezzlement under the existing law, prior to the first Monday of January, 1878, may be prosecuted and punished under that law; and those guilty of the offense after that date may be prosecuted and convicted under the law of 1876. See cases above cited.

5. That it is a well settled rule in the construction of statutes, that a new and affirmative statute does not repeal an existing statute upon the same subject, unless the two statutes are clearly repugnant and cannot stand together. *Snell v. The Bridgewater Manufacturing Co.*, 24 Pick., 296, and cases there cited; *Goodrich v. The City of Milwaukee*, 24 Wis., 422, 437–8; *Attorney General ex rel. Taylor v. Brown*, 1 id., 514; *City of Janesville v. Markoe*, 18 id., 350; *Goddard v. Boston*, 20 Pick., 407–410; *Bowen v. Lease*, 5 Hill, 221.

6. That in considering the question as to the effect which a later statute has upon a former statute upon the same subject, by way of repealing the same, the intent of the legislature is to be followed when it is apparent, unless such intent is inconsistent with the express language of the new statute. *Peo-*

*ple v. Lambier*, 5 Denio, 9;  *Smith v. The People*, 47 N. Y., 336; 55 N. Y., *supra*.          .

7. That a new statute should in no case be construed to work a repeal of the existing law, when such construction will necessarily prevent the punishment of crime, or work a public mischief, unless no other reasonable construction can be given to it.   See cases last above cited.          .

Holding these views, I am of the opinion that the defendant was legally convicted under the provisions of sec. 30, ch. 165, R. S. 1858, and that he should be sentenced and punished under the provisions of sec. 31 of said chapter.

*By the Court.* — The cause is remanded to the circuit court with the first and second questions answered in the affirmative, and the third in the negative.

RYAN, C. J., took no part.