## STATE vs. VAN STRALEN.

CRIMINAL LAW. *Effect of repealing statute without saving clause.*

Ch. 340 of 1876 repealed secs. 30 and 31, ch. 165, R. S. 1858, and imposed a greater penalty for the offense therein defined; and no penalty can now be inflicted for official embezzlement within the sections so repealed, though committed before the repealing act took effect. *State v. Campbell,* 44 Wis., 529.

CERTIFIED from the Second County Court of *Brown* County.

The case is stated in the opinion.

The cause was submitted on the brief of *J. C. Neville* and *Geo. Greene* for the state, and that of *Hudd & Wigman* for the defendant.

RYAN, C. J. The judgment of this court in *State v. Campbell,* 44 Wis., 529, makes it unnecessary to consider the multitudinous exceptions presented by this record.

The information was preferred against the defendant in 1876, for embezzlement committed by him, as county treasurer, previous to that year, under sections 30, 31, ch. 165, R. S. of 1858. The defendant was tried and found guilty. He then alleged exceptions which were allowed by the court below, and the record comes here before judgment under sec. 7, ch. 180, R. S. of 1858.

In *State v. Campbell,* in which the controlling facts were precisely similar, it was held by this court that ch. 340 of

1876 repealed secs. 30 and 31 of ch. 165, R. S. 1858; and that therefore, because ch. 340 of 1876 imposes a greater penalty for the offense than sec. 31 of ch. 165, R. S. 1858, no punishment can be now lawfully inflicted for official embezzlement within the sections of the revised statutes, committed before ch. 340 of 1876 took effect in January, 1878. That case governs this; and so this defendant must escape punishment for want of a saving clause in the statute of 1876.

*By the Court.* — The exceptions are, therefore, so far sustained.