## JOHN W. DAY
### v.
### THE CITY OF CLINTON.*

1. ORDINANCE — REPEAL PENDING PROSECUTIONS UNDER. — Where prosecutions were commenced for violation of a city ordinance, and while such prosecutions were pending on appeal from the magistrate, the ordinance was repealed without any clause saving the right to prosecute for past violations, the court is powerless to proceed with the pending prosecutions.

2. REPEAL OF REPEALING ORDINANCE.—The repeal at a subsequent meeting of the city council, of the repealing ordinance, would not operate to restore the right to prosecute for past violations, neither would the enacting of an ordinance to the effect that the first repeal should not affect prosecutions for prior violations.

3. WITNESS—CANNOT BE COMPELLED TO TESTIFY AGAINST HIMSELF.— In prosecutions for violations of a city ordinance, the defendant cannot be compelled to testify against himself.

APPEALS from the Circuit Court of DeWitt county; the Hon.

---

* Two cases.

Lyman Lacey, Judge, presiding.   Opinion filed June 29, 1880.

Mr. Michael Donahue and Mr. R. A. Lemon, for appellant; that the ordinance was improperly admitted in evidence, it having been repealed since the commencement of the suit; cited, Naylor v. Galesburg, 56 Ill. 285; County of Menard v. Kincaid, 71 Ill. 587; Kipp v. Lichtenstein, 79 Ill. 358; Wilson v. O. & M. R. R. Co. 64 Ill. 542; Sedgwick on Statutory and Constitutional Law, 108.

Ordinances have the same force and effect as laws passed by the legislature: Taylor v. Carondelet, 22 Mo. 105; Wragg v. Penn Town Ill. Syn. Rep'r, 206; Cooley on Constitutional Limitations, 198.

The repeal of a repealing act does not revive the original law as to past offenses: Sullivan v. The People, 15 Ill. 233.

It was error to compel defendant to testify, against his claim of privilege: 1 Greenleaf's Ev. § 330; Rev. Stat. 1874, 490, § 6; Gardner v. The People, 20 Ill. 430; Fant v. The People, 45 Ill. 259: Graubner v. City of Jacksonville, 50 Ill. 87; People v. Starr, 50 Ill. 52.

In an action of debt it is error to render judgment for damages only: Maguire v. Town of Xenia, 54 Ill. 299; O'Conner v. Mullen, 11 Ill. 116; Trustees of Schools v. Chamberlain, 14 Ill. 495.

Mr. George B. Graham, for appellee; that the repeal of the repealing ordinance saved the right to continue the prosecutions, cited Commonwealth v. Getchell, 16 Pick. 452; Commonwealth v. Mott, 21 Pick. 492; Wheeler v. Roberts, 7 Cow. 536; 1 Kent's Com. 466.

Appellant cannot invoke the protection given to druggists by the ordinance, until he complies with the State law by executing a bond as there required: Rev. Stat. 1874, 439; § 5; Munsell v. Temple, 3 Gilm. 93; Lombard v. Cheever, 3 Gilm. 469.

The defendant was not privileged from testifying: Weldon v. Birch, 12 Ill. 374; Starkie on Evidence, *209; 1 Greenleaf's Ev. § 452.

This is a civil suit: 3 Black. Com. 159; Ewbanks v. Town of

Ashley, 36 Ill. 177; Jacksonville v. Block, 11 Ill. 507; Willis v. Legris, 45 Ill. 289; Hoyer v. Mascoutah, 59 Ill. 137.

The judgment was sufficiently formal, it being a case appealed from a justice of the peace: Sidders v. Riley, 22 Ill. 109; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 337; Pendergast v. City of Peru, 20 Ill. 52; Horton v. Critchfield, 18 Ill. 133.

McCulloch, P. J.   The points involved in these two cases are substantially the same.

Appellant was sued before a police magistrate for successive violations of a certain ordinance of the city of Clinton, which was repealed during the pendency of the suits.   The first suit resulted in a judgment before the magistrate, in favor of the city, from which judgment appellant perfected an appeal on the 24th day of June, 1879.   The second suit was commenced on the 30th day of July, 1879, and on the 5th day of August, a trial was had before the magistrate, which resulted in appellant's acquittal, and from that judgment the city appealed.

On the 28th day of July, 1879, the city council passed an ordinance repealing that portion of the former ordinance under which these prosecutions were commenced, without any clause reserving the right to prosecute for any past violations thereof. This ordinance was published and took effect on the first day of August, 1879.   So it appears, from the records, that both suits were pending and undetermined when that ordinance took effect.

This repealing ordinance completely blotted out, as it were, the guilt of appellant, and left him as innocent, in the eye of the law, as if the former ordinance had never been passed, and rendered the courts powerless, for the time being, to proceed further against him.   Bishop on Statutory Crimes, § 178; Wilson v. O. & M. R'y Co. 64 Ill. 542.

But before the trial of either of these cases took place in the circuit court, the city council passed another ordinance, whereby it was ordained in the first section thereof, that no new ordinance should be construed to repeal any former ordinance as to any offense committed against the same, save only that the proceedings thereafter should conform as nearly as

practicable to the new ordinance; and in the second section it was ordained that the foregoing repealing ordinance of July 28, 1879, be repealed, but not so as to affect any penalties incurred for any violation of the same while in force. The causes were both tried at the September term, 1879, of the circuit court, and judgments rendered against appellant in both cases, from which he prosecutes these appeals. In support of these judgments it is contended that the repeal of the repealing ordinance revived the former ordinance with all its penal consequences, and therefore appellant again became liable to punishment for acts committed before its repeal. It is undoubtedly true that by the common law rule the repeal of a repealing statute revives the former law, at least to the extent of rendering subsequent acts amenable thereto. Bishop on Statutory Crimes, § 186.

It may be conceded that after an offense against a statute has been committed, the degree of punishment may be changed by a subsequent enactment, provided the punishment is not increased. Bishop on Stat. Crimes, § 185. And in some cases it has been held that, if the statute working such a change be itself repealed before sentence, the offender may be punished under the former law. Com. v. Mott, 21 Pick. 492; Com. v. Getchell, 16 Pick. 452.

In all such cases, however, the accused has continued from the time of his offense until the trial to be tainted with guilt, and the subsequent legislation has had respect only to the degree of his punishment. We have found no case in which it has been held that a repealing statute revives the guilt of one whose offense has once been wholly expurgated by the repeal of the law creating it.

If a new statute makes an act innocent at the time of its passage, criminal; if it aggravates the offense and makes it greater than when committed; if it inflicts a greater punishment than the law annexed to the crime, when committed; if it authorizes a conviction upon less evidence than the law required at the time of the commission of the offense, it is *ex post facto* and void. Dawson v. the State, 6 Tex. 347. In Roberts v. The State, 2 Tenn. 424, it is said: " The repeal of a pen-

al statute operates as a pardon of all offenses committed before that time, and supersedes the jurisdiction of the criminal courts except where the repealing statute contains a provision ex-pressly saving the right to prosecute. Very generally, when the legislature undertake to repeal one punishment and substitute another, the right to prosecute and punish previous offen-ses is reserved by a section expressly incorporated for that purpose; but if this is omitted, no instance, it is believed, can be shown where the courts of criminal jurisdiction have taken cognizance of such offenses." The same principles have been repeatedly enunciated by our own Supreme Court. Naylor v. City of Galesburg, 56 Ill. 285; County of Menard v. Kincaid, et al. 71 Ill. 587; Kipp v. Lichtenstein, 79 Ill. 358; Wilson v. v. O. & M. R. R. Co. 64 Ill. 542.

It follows therefore that when the ordinance of August 23d took effect, the appellant was guilty of no offense under the former ordinance, for that had been repealed, and the offense completely blotted out; appellant was therefore an innocent man, and no ordinance of the city thereafter enacted could render him guilty on account of acts previously committed.

It is provided in the Revised Statutes of 1845, Ch. 90, § 26, that "No act or part of an act, repealed by another act of the General Assembly, shall be deemed to be revived by the repeal of such a repealing act; " and while we cannot extend this provision by implication, so as to embrace city ordinances (Naylor v. City of Galesburg, *supra*,) yet it undoubtedly indicates the general policy of the law of this State for many years; and the same may be said of that part of our present Constitution which provides that, " no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act. " The policy of our law being so plainly indicated, we should be slow to decide an offense revived by the repeal of a repealing ordinance, if such a thing were possible; but for the reasons before given we hold this last repealing ordinance inoperative as to offenses previously committed, and in consequence thereof, that appellant was unlawfully convicted.

We are also of the opinion that the court erred in compell-

ing appellant to testify against himself, and that the stipulation filed by counsel for the city, to prosecute the case to final judgment, did not remove the objection. It is true, the case was, in form, a civil action for the recovery of a penalty; yet it is equally true that, unless the appellant could protect himself from criminal prosecution by showing a strict compliance with the provisions of the ordinance in question, he might be prosecuted and convicted under the second section, Chap. 43, of the Revised Statute. Wragg v. Penn Township, 94 Ill. 11. He was, therefore, not bound to answer the questions put to him, tending to show his guilt; and, as it appears from the record, that without his own testimony, he could not have been convicted of any violation of the ordinance for any offense other than that embraced in the repealed section, it follows that his conviction was not warranted by law.

Judgment reversed.