## PEOPLE v. HILLER.

STATUTES — AMENDMENT AND REPEAL — MISAPPROPRIATION BY ADMINISTRATOR.

3 How. Stat. § 9191a, provides a penalty for the willful neglect of an executor or administrator to deliver over to his successor in trust upon order of the court, within 30 days, all goods, chattels, money, or effects of the deceased which he has received and appropriated to his own use. Act No. 51, Pub. Acts 1895, purporting to be amendatory thereof, extends the time for compliance to 60 days, and increases the maximum penalty for disobedience, but contains no saving clause. *Held*, that the earlier statute was repealed by the later one, and that no conviction could thereafter be had for a violation of the former.

Exceptions before judgment from Lenawee; Peck, J., presiding.   Submitted April 29, 1897.   Decided May 28, 1897.

Thomas J. Hiller was convicted of embezzlement. · Reversed.

*James H. Davitt*, for appellant.

*D. B. Morgan*, Acting Prosecuting Attorney, for the people.

MOORE, J.   December 12, 1895, a warrant was issued against the respondent, charging him with the crime of embezzlement.   Later an information was filed, charging him with the same offense.   Upon the trial he was convicted.   A number of errors are assigned.   The only ones we need to discuss grow out of the question as to whether Act No. 51, Pub. Acts 1895, had the effect to repeal section 9191*a*, 3 How. Stat.   The last-named section reads:

" *The People of the State of Michigan enact,* That if any general or special administrator, or any executor or guardian, who has been appointed by a judge of probate, and who has collected any goods, chattels, money, or effects of the deceased, and willfully appropriated the same to his own use, and who has been ordered by the judge of probate to forthwith deliver to his successor in trust all the goods, chattels, money, or effects of the deceased in his hands, shall willfully omit, neglect, or refuse for 30 days to obey said order, he shall be deemed to have committed the crime of embezzlement, and shall, upon conviction thereof, be imprisoned in the state prison not more than two years, or by fine not exceeding one thousand dollars," etc.

The amendment of 1895 changed the law by making the period of omission, neglect, or refusal to obey the order 60 days, instead of 30; and the penalty for the violation of the law, imprisonment for not more than five years, instead of two years, or fine of not more than $2,000, instead of $1,000.   Nothing was said in the act of 1895 about repealing any other law, nor did it contain any saving

clause.   The act purported to be an act to amend the act
as it then existed.   It is insisted by respondent that the
effect of the enactment of the amendatory act was to re-
peal the penalty clause in the act of 1889; that the offense
charged in the information was committed (if any was
committed) before the act of 1895 took effect, and that to
apply the penalty provided in the act of 1895 to an offense
committed before it took effect would make an *ex post
facto* law of it; and that, therefore, the respondent could
not be convicted of the offense charged in the informa-
tion.

Repeals by implication are not favored.   23 Am. &
Eng. Enc. Law, 489, 496; Suth. Stat. Const. § 138; End.
Interp. Stat. § 210; *Crane* v. *Saginaw Circuit Judge,*
111 Mich. 496; *People* v. *Grand Rapids, etc., Plank
Road Co.,* 67 Mich. 9.   The contention of the counsel for
the respondent, if allowed to prevail, is likely to result in
the escape of some guilty men from deserved punishment,
and should not prevail unless sustained by the undoubted
weight of authority.

It is held, where an act or portion of an act is amended
"so as to read" in a prescribed way, that the section
amended is entirely repealed, and that as to all matters
contained in the original enactment, and not incorporated
in the amendment, the latter must be held to have the
effect of a repeal.   End. Interp. Stat. § 196; 23 Am. & Eng.
Enc. Law, 488; *Blakemore* v. *Dolan,* 50 Ind. 194; *Goodno*
v. *City of Oshkosh,* 31 Wis. 127.   A statute providing for
or defining an offense created by a previous statute, and
providing a materially different punishment, repeals the
former act.   Suth. Stat. Const. § 143 (p. 193); *Wilson* v.
*Railway Co.,* 64 Ill. 542 (16 Am. Rep. 565); *State* v.
*Campbell,* 44 Wis. 529.   We understand the rule to be,
in criminal cases, in the absence of a saving clause, that
where the penalty is altered in degree, but not in kind,
by increasing the punishment which may be imposed, the
effect of enacting the increased penalty is to repeal the
earlier provision.   End. Interp. Stat. § 239; *State* v. *Inger-*

*soll*, 17 Wis. 631; *State* v. *McDonald*, 20 Minn. 136. The repeal or expiration of a statute imposing a penalty or forfeiture will prevent any prosecution, trial, or judgment for any offense committed against it while it was in force, unless the contrary is provided in the same or some other existing statute. Suth. Stat. Const. § 166; *Com.* v. *Kimball*, 21 Pick. 373; *State* v. *Van Stralen*, 45 Wis. 437; 23 Am. & Eng. Enc. Law, 512, and many cases there cited; *Kring* v. *Missouri*, 107 U. S. 221; *In re Medley*, 134 U. S. 160; *Wilson* v. *Railway Co.*, 64 Ill. 542. For an interesting discussion of some of the principles involved in this case, see *People* v. *Bussell*, 59 Mich. 110.

The only exceptions to the rule herein stated are where the State enacting the new legislation has a general law which operates as a saving clause, or where the new legislation indicates very clearly that its provisions are to apply only to offenses thereafter committed. It was doubtless competent for the legislature to continue the penalty for offenses committed under the old law, after the new law took effect, by attaching to the new law a saving clause, or by indicating in the law itself that its provisions were to attach only to offenses committed after the law became operative; but neither of these things was done. On the contrary, the law of 1895, by its terms, applies to any administrator, executor, or guardian "who has been appointed by a judge of probate," etc.

We think it necessarily follows, from what has already been said, that the verdict must be reversed, and respondent discharged.

The other Justices concurred.