# THE COMMISSIONERS OF HIGHWAYS, OF SWAN TOWNSHIP, WARREN COUNTY,

*v.*

# THE PEOPLE, ETC., *ex rel.* JOHN D. WALDEN.

1. MANDAMUS—*excuse for not obeying peremptory writ.* Where a peremptory writ of mandamus was awarded against commissioners of highways, requiring them to open a certain road, it was held to be a sufficient excuse, on the part of the commissioners, for not obeying the writ, that after the writ was awarded, and before it was issued and served, the road thereby directed to be opened was vacated by an order of the same commissioners, made in pursuance of authority so to do, conferred upon them by statute.

2. TRESPASS—*justification, mandamus.* Should commissioners of highways proceed, in obedience to the mandate of a court, to open a road, after the same had been discontinued by competent authority, they would be trespassers ; a peremptory writ of mandamus requiring them to do the act, could not be pleaded in justification of such trespass.

3. BILL OF EXCEPTIONS—*when necessary.* The sworn answer of parties to a writ of attachment issued against them to show cause why they should not be fined for contempt in refusing to obey a peremptory writ of mandamus, is no part of the record of the proceedings upon the writ of attachment, unless it be made so by bill of exceptions.

WRIT OF ERROR to the Circuit Court of the county of Warren ; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

At the October term, 1849, of the Circuit Court of Warren county, John D. Walden, in the name of the People, etc., filed his affidavit and relation against the commissioners of highways of Swan township, in said county, in which it was set forth that a certain road was legally established in said township, which road had been, and was, obstructed by fences, etc., and travel on parts of it entirely stopped. The cause coming on to be heard, a peremptory writ of mandamus was awarded at the October term, 1861, of said court, requiring the commissioners to proceed to open the road in question.

Afterwards, on the 24th of December, 1861, the writ was issued, which was returned indorsed by the sheriff, served, February 4, 1862.

Afterwards, at the March term, 1862, of said court, an affidavit was filed, setting forth the fact of the service of the writ, that said commissioners had refused and neglected to open said road and obey said writ. Thereupon, on motion, the court ordered an attachment to issue against the commissioners. On the 25th day of March, 1862, the sheriff returned the writ, together with Solomon Perkins, Israel Jared, and Absalom Vandever, the said commissioners, in court. On the same day, the commissioners filed their answer to the writ of attachment, in which they denied that they were guilty of any contempt of the court; that the said peremptory writ of mandamus was served upon them after said road was vacated and discontinued according to law, in the following manner: That in the month of December, 1861, a petition was circulated and signed by about forty-two legal voters, residing within three miles of said road; that the petition was published according to law; that afterwards, on the tenth day of January, 1862, the commissioners, in accordance with law, did decide to discontinue said road, and then and there made their order in writing, under their hands as such commissioners, discontinuing said road; and the same was filed in the town clerk's office; which proceedings, in discontinuing said road, were all had since the decision of said court ordering said road to be opened, and before the service of said writ upon them.

They admit they have not opened the road, but claim that, under the circumstances, they were not bound so to do.

The answer was sworn by all of them. Afterwards, and during the said term of said court, upon motion, the commissioners were discharged, but upon the payment of the costs of the attachment. And on the People's motion, it was ordered by the court that an *alias* peremptory writ of mandamus issue to the said commissioners, requiring them to open the road.

The commissioners bring the cause to this court by writ of error, and assign the following, to wit:

1. The court erred in adjudging costs in favor of the defendants in error, and against said commissioners, upon the attachment.

Commissioners of Swan Township *v.* People ex rel. Walden.

2. The court erred in ordering an *alias* writ of peremptory mandamus against the commissioners.

Mr. A. G. KIRKPATRICK for the plaintiffs in error, presented the question, whether the commissioners of highways could properly proceed to discontinue, after they had been ordered to open the road; and cited Scates' Comp. 347, 353, as setting forth their powers and duties.

Mr. W. C. GOUDY, for the defendants in error, said:

1. It might well be doubted, whether an inferior tribunal can be permitted, after the awarding of a peremptory writ of mandamus, to avoid the force of the command, by an exercise of power, which, under other circumstances, would be lawful.

It carries on its face the appearance, not only of evasion, but of defiance.

But if it be admitted that the vacation of the road was a good reason why it should not be opened, we are led to inquire, whether such fact is properly presented in this record.

2. The affidavit of the commissioners is no part of the record, and cannot be noticed in this court. The plaintiffs in error call their affidavits an *answer* to the writ of attachment, and contend that it is to be treated the same as a plea or return to an alternative writ of mandamus.

The proposition cannot be maintained. Such a thing as a plea or return, or demurrer to a writ of attachment, is unknown. The party attached is simply brought before the court, and required to show cause, either in writing or verbally, why he should not be fined; and the court may hear any evidence tending to satisfy itself in regard to the contempt. Nor does the law recognize such a thing as an answer or plea to a peremptory writ of mandamus, because it is a final process, and the end of all litigation in regard to the matter in controversy.

The affidavit of the commissioners, therefore, is to be treated like any other affidavit filed in the progress of the cause, and

is no part of the record, because it is not embodied in a bill exceptions. *McDonald* v. *Arnaut,* 14 Ill. .58 ; *Edwards* v. *Patterson,* 5 Gilm. 126 ; *Corey* v. *Russell,* 3 Gilm. 336 ; *Magher* v. *Howe et al.,* 12 Ill. 380.

The presumption is, that the court acted on proper evidence, and the judgment will not be reversed, unless it appears affirmatively from the record that all the evidence is preserved, and upon such evidence there was a wrong decision made. There is no statement whatever in this record that it contains all the evidence. Indeed, it does not profess to contain any evidence. The only facts presented are contained in the affidavit, and that was presented on the motion to punish the commissioners for contempt ; upon the hearing of that motion, for reasons satisfactory, and which are unknown to this court, the court ordered the plaintiffs in error to pay the cost.

The relator made a separate motion for an *alias* peremptory writ of mandamus, which was allowed.

What the evidence was on the hearing of this motion does not appear, but it will be presumed to have been sufficient to authorize the order entered. *Thompson* v. *Schuyler,* 2 Gilm. 272 ; *Thomas* v. *Leonard,* 4 Scam. 557 ; *Eaton* v. *Graham,* 11 Ill. 620.

Mr. KIRKPATRICK, for the plaintiffs in error, in reply, insisted that the answer of the defendants below was not a mere *affidavit,* but a regular *answer,* not only to the writ of attachment, but to the whole proceeding against them ; and as much a part of the record, without a bill of exceptions, as the petition or writ.

He cited the following authorities as supporting the position that an answer or return may be made in a proceeding of this kind, after a peremptory writ has been issued : Tapping on Mandamus, pp. 408, 381, (side page 337), 66, (side p. 14), and side pages 407 and 385.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

If this record showed that this road had been vacated, in the mode provided by the statute, and that the proceeding vacating it was ended and determined, we should not hesitate to reverse this judgment. Such vacation would have been a sufficient excuse for not obeying the writ. There would have been no road to open. Notwithstanding the mandate of the court, the commissioners would have been trespassers for opening it. The writ of mandamus could not be pleaded in justification of such trespass. But there is nothing in the record to show that the road has been vacated. There is an affidavit copied into the record, stating that fact, but it is not in a bill of exceptions, and is no part of the record. We should have the certificate of the judge that it was read, and that there was no countervailing proof. Then we should be prepared to examine, and say whether the court below decided correctly or not, on the proof. The judgment must be affirmed.

*Judgment affirmed.*