## THE CITY OF CARLINVILLE
### *v.*
### GEORGE J. CASTLE.

*Opinion filed December 21, 1898.*

1. DEDICATION—*land proposed to be dedicated must be definitely described.* To constitute a good dedication the land proposed to be dedicated must be definitely and certainly described.

2. SAME—*intention to dedicate and acceptance by public must be unequivocal.* To constitute a good dedication the donor's intention to devote the land to public use, and the acceptance and appropriation of the same by the public for that purpose, must be unequivocal and satisfactory.

3. SAME—*when deed does not evidence a dedication of a public alley.* A deed by one owning a lot shown by the plat to be fifty-five feet wide, which describes the tract conveyed as commencing at the south-east corner of said lot, "thence running north thirty-nine feet *to a public alley*," thence west to the western boundary, "south thirty-nine feet" and east to the place of beginning, does not constitute a dedication for a public alley of that part of the lot not specifically conveyed.

4. SAME—*city may lose rights in public alley by abandonment and nonuser.* A city may lose its rights in a public alley by permitting the adjoining owner to remain in the undisturbed possession of the same for over twenty years.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

EDWARD T. FREY, City Attorney, and BELL & BURTON, for plaintiff in error.

RINAKER & RINAKER, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of ejectment brought by the city of Carlinville, against George J. Castle, to recover a portion of lot 61 of the original town (now city) of Carlinville. The premises sought to be recovered are alleged to be a portion of a public alley.

The original plat of Carlinville was filed for record August 27, 1829. Lot 61 is situated on the west side of

the public square, fronting on the square 55 feet and extending west 198 feet to West street. A copy of the original plat, and also a plat showing location of buildings and relative lines of lots, etc., appear in the record but were not copied into the abstract. The following diagram will, however, be sufficient for the consideration of the questions involved in this cause:

No alley along the north part of lot 61 appears upon the original plat. It is contended by the plaintiff in error "that subsequently to the recording of the plat, a strip of ground of the uniform width of 16 feet off of the north end of lot 61 was expressly dedicated as a public alley by the person being then the owner and then in the possession of lot 61; that the land so dedicated was accepted and used by the public as a public alley; that afterwards defendant in error, or some one through whom he claims title, without authority enclosed and erected a building upon a part of the 16-foot alley, being about 2½ feet by 89½ feet off the south side of the west end of said alley."

It appears from the record that lot 61 belonged originally to Ezekiel Good; that on or about the 7th day of March, 1833, he conveyed the lot to John R. Lewis; that

by a warranty deed dated March 26, 1839, and recorded
March 29, 1839, John R. Lewis conveyed in fee simple to
Jarrot Dugger all of said lot 61 except the 16 feet for the
entire length thereof off of the north side, and described
the land as follows: "Commencing at the south-east cor-
ner of said lot 61, thence running north 39 feet to a public
alley, thence west to First West street, thence south 39
feet, thence east to the place of beginning;" that by war-
ranty deed dated February 22, 1849, recorded February
23, 1849, Jarrot Dugger conveyed in fee simple to Joseph
C. Dugger the said 39 feet off of the south side of lot 61,
and described the property in the same language above
quoted, used in the deed from Lewis to Dugger.   These
two deeds, one made in 1839 and the other in 1849, plain-
tiff in error contends constituted a dedication of 16 feet
off the north side of lot 61 to the public for an alley.

In *Village of Winnetka* v. *Prouty*, 107 Ill. 218, it was held
that to make a good dedication, either under the statute
or at common law, there should be a definite and certain
description of that which is proposed to be dedicated and
an acceptance by the public before the withdrawal or
abandonment of the offer to dedicate. In *Grube* v. *Nichols*,
36 Ill. 92, it was held essential to make a sufficient dedi-
cation that the owner of the soil must devote the right
of way to public use, and it must be accepted and appro-
priated by the public to that use by travel, and recog-
nized as a public highway by the proper authorities, by
repairs or otherwise.   But when a dedication is relied
upon to establish the right, the acts of both the donor
and of the public authorities should be unequivocal and
satisfactory of the design to dedicate on the one part and
to accept and appropriate to public use on the other.   It
is not claimed that there is here any statutory dedication,
but a common law dedication is relied upon.

It will be observed that Lewis, by his deed of March
26, 1839, did not undertake to grant or convey to the
public any part of lot 61.   The deed merely conveys the

south 39 feet of lot 61 to Dugger. The conveyance of the 39 feet, so far as can be determined from the language of the deed, was the sole purpose and object in view in executing the deed. However, in describing the land in the deed he uses this language: Commencing at the "south-east corner of said lot 61, thence running north 39 feet to a public alley, thence west to First West street, thence south 39 feet, thence east to the place of beginning." At the time this deed was made there was no alley 39 feet north of the south-east corner of lot 61. No alley had been established there, by plat or otherwise. But it is said the clause in the deed was a dedication of an alley 16 feet wide lying north of the 39 feet conveyed by the deed. There is, however, nothing found in the deed providing for an alley 16 feet wide. Upon what ground, therefore, can it be said the grantor in the deed intended to dedicate 16 feet of land for an alley? We held in the *Winnetka case, supra,* that it was necessary, in order to make a good dedication, that there should be a definite description of the property to be dedicated. Here no description whatsoever was given. Whether the alley should be one foot, five feet or ten feet wide does not appear from anything found in the deed or elsewhere. Nor is there anything to show how far west the alley should run. Whether it should extend the entire length of the lot or only half way along the length of the lot does not appear. If Lewis, the owner of lot 61, had intended to dedicate 16 feet off the north side of the lot to the public for an alley when he conveyed the south 39 feet to Dugger, his intention might have been declared in a very few words, and in the absence of language manifesting an intention to dedicate it cannot be held that the property in question was dedicated.

What has been said in regard to the deed made by Lewis applies to the deed made in 1849 by Jarrot Dugger to Joseph C. Dugger, as the two are in all respects alike, in so far as the dedication of an alley is involved.

But if it was conceded that the deed constituted a dedication and that the public had used and traveled over the 16 feet, except the strip of land in controversy, for many years, still the abandonment or non-user of the land in question in behalf of the city of Carlinville was sufficient to bar a recovery. It appears from the evidence that as early as 1858 the defendant took possession of the strip of land in question and has occupied it ever since. Thus, for a period of forty years the land has been held and occupied adversely to the city of Carlinville, and during all that time no effort whatever has been made by the city to regain the possession or assert any right to the property. In *City of Peoria* v. *Johnston*, 56 Ill. 45, it was held that where ground upon which a highway was laid out, or which was dedicated for that purpose, has been in the open and exclusive adverse possession of the owner of the land for twenty years, and a complete non-user of the easement by the public during that time, an extinguishment will be presumed. The same doctrine was declared in *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet*, 79 Ill. 25, and *Village of Winnetka* v. *Prouty*, 107 id. 218. *Village of Auburn* v. *Goodwin*, 128 Ill. 57, is also a case in point. There, as here, an action of ejectment was brought by the village to recover possession of certain alleys in a certain block in the incorporated village. Among other defenses, abandonment or non-user was relied upon to defeat a recovery, and the court held, as the alleys had been fenced up for twenty years and no effort had been made by the village authorities to remove the obstruction no recovery could be had. *Jordan* v. *City of Chenoa*, 166 Ill. 530, is also a case in point. There, in an action on behalf of the city to obtain the possession of an alley, it was held, that while the Statute of Limitations does not run in favor of an individual against a municipality holding streets and alleys for the general public under acceptance of a dedication, yet abandonment and non-user may be set up in bar of a recovery. Under the

law as laid down in the cases cited the city of Carlinville could not·recover.

Under the facts as they appear in the record we are satisfied the court decided the case correctly, and the judgment will be affirmed. ⠀⠀⠀⠀⠀⠀*Judgment affirmed.*