THE PEOPLE ex rel. James A. Glenn et al.

v.

HUGH A. BINNS et al.

*Opinion filed October 24, 1901.*

1. MUNICIPAL CORPORATIONS—*territory is not disconnected from a village until ordinance is passed.* Disconnection of territory from a village under the act of 1879 (Laws of 1879, p. 77,) is not consummated by the filing of the petition containing the statutory requirements, but the passage of the ordinance is also essential.

2. SAME—*legislature had the power to make the act of 1901 apply to pending proceedings to disconnect territory.* The legislature had full power to repeal the act of 1879 for the disconnection of territory from cities and villages, as was done by the act of 1901, (Laws of 1901, p. 96,) and to make the act of 1901 applicable to proceedings pending under the act of 1879.

3. SAME—*laws governing municipal corporations are not in the nature of private grants.* The legislature may, by general law, fix the boundaries of municipal corporations and extend or restrict them, as may be deemed best for the public good; but such laws are not in the nature of private grants, in which parties may acquire a vested right to have them remain unchanged.

ORIGINAL petition for *mandamus.*

BLINN & HARRIS, for petitioners.

KING & MILLER, for respondents.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At a former term we granted to the petitioners leave to file their petition against the defendants, as trustees of the village of Middletown, for a writ of *mandamus* to compel said trustees to pass an ordinance, by a majority of the members elected to their board, disconnecting the lands of petitioners from said village. The petition was filed and answered. A demurrer to a part of the answer and a replication to a part was filed, but it is now stipulated by the parties that all the allegations of fact in

the petition are true, and that the only questions involved are the construction of an act entitled "An act in relation to the disconnection of territory from cities and villages," in force May 29, 1879, (Laws of 1879, p. 77,) and the effect to be given to an act passed since this proceeding was begun, entitled "An act in relation to the disconnection of territory from cities and villages, and to repeal an act therein named," in force May 10, 1901. (Laws of 1901, p. 96.) We do not find it necessary to pass upon any other question than the effect to be given to the latter act, under which, in our opinion, the petitioners can have no right to the writ in this or any other court. We have therefore not considered the question whether leave to file the petition ought to have been granted, or whether leave was improvidently given and should be recalled.

In *Young* v. *Carey*, 184 Ill. 613, it was decided that where a petition was filed with the president of a board of trustees of a village in compliance with the provisions of the above mentioned act of 1879, the trustees were bound to pass an ordinance, by a majority of the members elected to the board, disconnecting from the village the territory described in the petition. Petitioners filed such a petition to have their lands disconnected from the village of Middletown, and the defendants having refused to pass the ordinance petitioned for, this proceeding was begun. After the filing of the petition and commencement of the suit said act of 1901 was passed, which made it discretionary with the trustees whether they would pass an ordinance and disconnect territory as requested, and it repealed said act of 1879. It also contained the following provision, as section 4: "This act shall apply to and affect all cases where property has not been disconnected by such city council or trustees of such village, whether application has been made for disconnection or not."

It is first contended on the part of petitioners that by the filing of a petition their lands were actually disconnected from the village, and the disconnection was com-

plete before the passage of the act of 1901. In *Young*
v. *Carey, supra,* it was held that by the act of 1879 the
legislature had determined that the existence of certain
facts to be stated in the petition settled the question
as to the advisability of the disconnection, and that the
trustees, upon finding the averments of the petition to
be true as a matter of fact, were bound to pass an ordi-
nance and disconnect the lands. The provisions of that
act were, that the trustees should, by ordinance, discon-
nect the territory, and that a copy of the ordinance dis-
connecting the territory from the village should be filed
for. record and recorded in the recorder's office of the
county. It was not only necessary that the petition be
presented containing the statutory requirements, but that
the ordinance should be passed in order to consummate
the disconnection. Petitioners would not have been ask-
ing for a writ to compel the passage of an ordinance dis-
connecting their lands from the village of Middletown
if they were already disconnected by the filing of their
petition with the board of trustees. The final step for
the disconnection of the lands had not been taken and
the lands were not disconnected when the act of 1901 was
passed.

The next proposition is, that it was not within the
power of the legislature to repeal the act of 1879 and
make the act of 1901 applicable to this proceeding,—and
this is on the ground that petitioners had acquired a
property right to have their lands disconnected, which
had become vested in them and which could not be taken
away by subsequent legislation. As the lands had not
been detached from the village, the act of 1901 did not
change their status or put them back within the cor-
porate limits, but it repealed the act under which peti-
tioners would have had a right to the disconnection and
established a new rule. It cannot be denied that the leg-
islature had a right to do this, unless the effect would be
to deprive petitioners of a property right or to impair the

obligations of a contract with them. The act of 1879 was
a general public law, under which the charters of villages
might be changed by reducing their corporate limits and
under which petitioners had a right to effect that object
and detach their lands. But there is a material difference
between rights based upon contract and rights based
upon statute.   There is no vested right in a public law
which is not in the nature of a private grant. "However
beneficial an act of the legislature may happen to be to a
particular person, or however injuriously its repeal may
affect him, the legislature would clearly have the right
to abrogate it." (*Dobbins* v. *First Nat. Bank*, 112 Ill. 553.)
The repeal could not impair vested rights acquired under
it, but a party can have no vested right to be within or
without the limits of a municipal corporation. Acts cre-
ating, governing or changing municipal corporations are
not in the nature of contracts or private grants. Such
corporations are created for the public good in the ad-
ministration of local government, and the legislative
control over them is not of the same character as over
private corporations. (Dillon on Mun. Corp. sec. 29.)
They may be created, changed, divided or destroyed, as,
in the legislative judgment, the public good may require,
and, except as restrained by the constitution, the power
of the legislature over them is supreme.   This has been
the rule in this State from the beginning of judicial deci-
sion.   All municipal corporations are subject to legis-
lative control, and may be changed, modified, enlarged,
restrained or abolished to suit the exigencies of the case.
(*Coles* v. *Madison County*, Breese, 154; *Bush* v. *Shipman*, 4
Scam. 186; *People ex rel.* v. *Wren*, id. 269; *Holliday* v. *People*,
5 Gilm. 214; *People* v. *Brown*, 83 Ill. 95.) The only re-
striction on the power of the legislature is, that under
the present constitution no local or special law shall be
passed incorporating cities, towns or villages or chang-
ing or amending their charters.   The legislature may,
by general law, fix the boundaries of municipal corpora-

tions and extend or restrict them, as may be deemed best for the public good. Whether petitioners' lands shall be included in a municipal corporation is purely a legislative question, depending upon the legislative judgment as to the public requirements. The legislature may declare the conditions and circumstances under which lands shall be included in villages or disconnected from them, and if the petitioners' lands should be disconnected, the former limits might be restored the next day by a general law. There was nothing in the nature of a contract in the act of 1879, and petitioners had acquired, and could acquire, no property right under it. The legislature, therefore, had full power to repeal it and to make the act of 1901 applicable to pending proceedings.

The petitioners are not entitled to the writ, and it is denied.

*Writ denied.*