JOHN W. VANCE *et al.*

*v.*

LAURA RANKIN *et al.*

*Opinion filed February 21, 1902.*

1. JUDICIAL NOTICE—*Supreme Court will take judicial notice of public act without supplemental plea.* If a public act, relating to the subject matter of a suit, is passed while an appeal is pending, the Supreme Court will take judicial notice of such act without a formal supplemental plea.

2. ACTIONS AND DEFENSES—*effect where statute giving special remedy is repealed.* If a statute giving a special remedy is repealed without a saving clause as to pending suits, all suits must stop where the repeal finds them, and in case of appeals the appellate tribunal must dispose of the case under the law in force when their decision is made.

3. SAME—*pending suits based upon a statute cannot proceed after its repeal.* The repeal of a statute giving a special remedy obliterates it completely, and it must be considered as a law that never existed, except as to those suits which were commenced, prosecuted and concluded before the repeal.

4. PRACTICE—*Supreme Court must reverse if statute giving right of action is repealed.* A court of last resort must reverse a judgment

which was correct when rendered, if it appears that, pending the appeal, a statute which was necessary to support the judgment has been withdrawn by absolute repeal without a saving clause as to pending suits.

5. DISCONNECTION OF TERRITORY—*legislature had power to repeal act for disconnecting territory, without a saving clause.* The legislature had full power to repeal the act of 1879 for disconnecting territory from cities and villages, and to make the repealing act applicable to all pending proceedings instituted under the act of 1879. (*People* v. *Binns,* 192 Ill. 68, followed.)

6. SAME—*awarding of mandamus to compel disconnection of territory does not fix rights of parties.* The awarding of a writ of *mandamus* to compel a village to pass an ordinance to disconnect territory does not fix the right of the petitioner to have the writ enforced independently of the act of 1879; and the repeal of the act of 1879, pending an appeal from the judgment, takes away the right of the petitioner to have the writ enforced, and the respondents may raise the question of such repeal whenever an attempt is made to enforce the writ.

*Vance* v. *Rankin,* 95 Ill. App. 562, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

WELTY & STERLING, and BARRY, MORRISSEY & FIFER, for appellants.

FRANK Y. HAMILTON, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a petition for a writ of *mandamus,* filed by the appellees in the circuit court of McLean county, against the appellants, as president and trustees of the village of Danvers, to compel them, as such officers, to pass an ordinance disconnecting the territory mentioned in the petition from said village, under the provisions of an act entitled "An act in relation to the disconnection of territory from cities and villages," in force May 29, 1879. (Laws of 1879, p. 77.) A demurrer to the petition having been overruled, the appellants filed an answer thereto,

and a demurrer having been sustained to the answer, the appellants elected to stand by their answer, and judgment was entered awarding a peremptory writ of *mandamus* against them requiring them to pass an ordinance disconnecting the territory as prayed for in the petition, from which judgment an appeal was perfected to the Appellate Court for the Third District, where the judgment was affirmed, and a further appeal has been taken to this court.

On the 10th day of May, 1901, and while the appeal was pending in the Appellate Court, the legislature passed an act with an emergency clause, entitled "An act in relation to the disconnection of territory from cities and villages, and to repeal an act therein named," (Laws of 1901, p. 96,) whereby the act of May 29, 1879, which had been held by this court in *Young* v. *Carey*, 184 Ill. 613, to be mandatory, was repealed, and it was made discretionary with the trustees whether they would disconnect territory upon application of the owners thereof, (*People ex rel.* v. *Binns*, 192 Ill. 68,) and which act provided that it "shall apply to and affect all cases where property has not been disconnected by such city council or trustees of such village, whether application has been made for disconnection or not." The act of May 10, 1901, being a public act, this court will take judicial notice thereof, without formal supplemental plea. (*Wikel* v. *Board of Comrs. of Jackson County*, 120 N. C. 451.) "It is well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them. If final relief has not been granted before the repeal went into effect, it cannot be after." (*South Carolina* v. *Gaillard*, 101 U. S. 433.) "If a case is appealed, and pending the appeal the law is changed, the Appellate Court must dispose of the case under the law in force when their decision is rendered." (Cooley's Const. Lim.—2d ed.—381, and note.) The effect of the repeal of a statute is to obliterate the

statute repealed as completely as if it had never been passed, and it must be considered as a law that never existed, except for the purposes of those actions or suits which were commenced, prosecuted and concluded while it was an existing law. (*Ex parte McCardle*, 7 Wall. 514; *Key* v. *Goodwin*, 4 Moore & P. 341; *Thorne* v. *San Francisco*, 4 Cal. 165; *Musgrove* v. *V. & N. R. R. Co.* 50 Miss. 677; *Town of Belvidere* v. *Warren Railroad Co.* 34 N. J. L. 193.) Pending judicial proceedings based upon a statute cannot proceed after its repeal. (*Gilleland* v. *Schuyler*, 9 Kan. 569; *Wade* v. *St. Mary's School*, 43 Md. 178; *McMinn* v. *Bliss*, 31 Cal. 122; *State* v. *Daley*, 29 Conn. 272.) This rule holds true until the proceedings have reached a final judgment in the court of last resort, for that court, when it comes to pronounce its decision, conforms it to the law then existing, and may therefore reverse a judgment which was correct when pronounced in the subordinate tribunal from whence the appeal was taken, if it appears that pending the appeal a statute which was necessary to support the judgment of the lower court has been withdrawn by an absolute repeal. (*Hartung* v. *People*, 22 N.Y. 95; *Hubbard* v. *State*, 2 Tex. App. 506; *Atwell* v. *Grant*, 11 Md. 104; *United States* v. *Peggy*, 1 Cranch, 103; *Mayor of Annapolis* v. *Maryland*, 30 Md. 112.) In *Musgrove* v. *V. & N. R. R. Co. supra*, a judgment erroneous when pronounced was affirmed because the subsequent repeal of the statute freed it from error. In *Keller* v. *State of Maryland*, 12 Md. 323, the court having affirmed a judgment in ignorance of the repeal of a statute pending the appeal, afterwards, at the same term, on its attention being called to the repeal, struck out the order of affirmance and in its place entered a judgment of reversal. In *Wikel* v. *Board of Comrs. of Jackson County, supra*, which was a petition for *mandamus* to compel the county commissioners to build a bridge and levy a tax for that purpose, as required by the act of 1895, which act, pending an appeal from a judgment granting a peremptory writ, was repealed, it

was held that the repeal of such act destroyed the subject matter of the action and that the suit should abate.

The repeal of a statute conferring jurisdiction takes away all right to proceed thereunder unless it is expressly saved, (*Illinois and Michigan Canal* v. *City of Chicago*, 14 Ill. 334,) and it carries with it all prosecutions pending thereunder, (*Wilson* v. *Ohio and Mississippi Railway Co.* 64 Ill. 542,) and except for the purposes of such suits as are begun, prosecuted and concluded while it is an existing law, the statute repealed is as if it never existed. (*Eaton* v. *Graham*, 11 Ill. 619; *VanInwagen* v. *City of Chicago*, 61 id. 31; *Menard County* v. *Kincaid*, 71 id. 587; *Town of Jefferson* v. *People*, 87 id. 503; *Holcomb* v. *Boynton*, 151 id. 294.) In *VanInwagen* v. *City of Chicago*, *supra*, on page 34 it is said: "The doctrine is, that inchoate rights, derived under a statute, are lost by its repeal, unless saved by express words in the repealing statute, and unless those rights have become so far perfected as to stand independent of the statute, * * * that is to say, executed. * * * The effect of a repealing statute is to obliterate the prior law as completely from the records as if it had never passed, and it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded while it was an existing law." In *Holcomb* v. *Boynton*, *supra*, on page 297 the court say: "Where a statute is repealed without such saving clause, it must be considered, except as to proceedings passed and closed, as if it had never existed." In *People ex rel.* v. *Binns*, *supra*, it was held the legislature had full power to repeal the act of 1879 and to make the act of 1901 applicable to proceedings pending thereunder, and that said act was not a private grant, in which a vested right to have the same remain unchanged could be acquired.

The judgment awarding the writ did not so far perfect the right of appellees to have their lands disconnected that such disconnection could be carried into effect

independently of the act of May 29, 1879, and solely by virtue of the judgment. The proceeding, therefore, for the disconnection of appellees' land was not passed, closed and executed at the time of the repeal of the act of 1879, as such disconnection, under the statute, could only be made by the passage of an ordinance by appellants, and there is now no statute in force requiring them to pass an ordinance making such disconnection, and they are not concluded upon that question by the judgment, but the same may be raised by them when the court attempts, by attachment or otherwise, to coerce them to obey the peremptory writ and pass an ordinance disconnecting said territory. In *Comrs. of Highways* v. *People ex rel.* 31 Ill. 97, it was held that where a peremptory writ of *mandamus* was awarded against commissioners of highways commanding them to open a road, it was a sufficient excuse on the part of the commissioners, upon an attachment for contempt for not obeying the writ, that after it was ordered, and before it was issued and served, the road directed to be opened had been vacated by them in pursuance of authority conferred upon them by statute; and in *State ex rel.* v. *Harvey*, 14 Wis. 151, that after a change in the statute which required an officer to perform a particular act, and under which *mandamus* had issued commanding him to perform such act, an attachment ought not to be issued against him for a failure to obey the writ, but in such case the relator should make a new application for a writ, so that a decision might be had as to the duty of the officer under the law as it then existed.

The statute under which it is sought to coerce the appellants to disconnect the territory described in the petition having been repealed since the trial in the circuit court, and there being now no statute in force requiring them to make such disconnection, the judgments of the Appellate and circuit courts are reversed.

*Judgment reversed.*