## Phoenix Nursery Co. et al. v. Otto Seibert, President of the Town of Normal, et al.

1. DISCONNECTION OF TERRITORY—*Not Consummated by Filing the Petition—Municipal Corporations.*—The disconnection of territory from a village under the act of 1879 is not consummated by the filing of a petition containing the statutory requirements, and the repeal by the legislature of the enabling act of 1879 prior to the passage of an ordinance, by the village, disconnecting such territory, defeats the proceeding.

**Mandamus,** to disconnect territory. Appeal from Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

LILLARD & WILLIAMS, attorneys for appellants.

O. R. TROWBRIDGE, attorney for appellees.

To the petition of appellants for a writ of mandamus to compel the president and trustees of the town of Normal to pass a disconnecting ordinance as provided by the act of 1879, for the disconnecting of territory from cities and villages, and as construed by the Supreme Court in Young v. Carey, 184 Ill. 613, there was interposed the following plea of *puis darrein continuance:*

" And now on this 11th day of May, in the same term, come the defendants, by their attorneys aforesaid, and say that the plaintiffs ought not to further maintain their aforesaid action against them, the defendants, because they say that after the last proceedings in this cause, that is to say, after the 27th day of April, in this same term, and before this day, to wit, on the 10th day of May, A. D. 1901, there was approved by the Governor of the State of Illinois, and thereby became in full force and effect by virtue of an emergency clause thereto appended, an act duly passed by the General Assembly of the State aforesaid, which said act provides that upon the presentation to the city council of any city, or trustees of any village, by the clerk of such city, or president of the trustees of such village, of a petition for the disconnection in manner and form as is alleged in said petition for mandamus to have been presented to the de-

fendants, the trustees of the town of Normal, for the disconnection of the territory described in said petition, the city council of such city, or trustees of such village, may, in the discretion of such city council or trustees of such village, by ordinance to be passed by a majority of the members elected to such city council or board of trustees, disconnect such territory in manner and form as provided by said act. And said act provides that the same shall apply to and affect all cases where property has not been disconnected by such city council or trustees of such village, whether application has been made for disconnection or not. And defendants aver that the property described in such petition for mandamus has not been disconnected from said town of Normal by defendants by an ordinance passed by them in their official capacity or otherwise. And this the defendants are ready to verify; wherefore they pray judgment if the plaintiffs ought further to maintain their aforesaid action, etc."

A demurrer to the plea was by the Circuit Court overruled, and as appellants elected to stand by their demurrer, the petition was denied and a judgment against appellants for costs was rendered.

MR. JUSTICE HARKER delivered the opinion of the court.

The sole question presented by this appeal is the constitutionality of the act of May 10, 1901, as applicable to proceedings then pending under the act of 1879. The question has been decided in the affirmative by the Supreme Court in People ex rel. v. Binns et al., 192 Ill. 68.

Judgment affirmed.