LANDRUM BURCHETT *et al.*

*v.*

THE PEOPLE *ex rel.* Oliver W. Holland *et al.*

*Opinion filed June 19, 1902.*

This case is controlled by the decision in *Vance* v. *Rankin*, 194 Ill. 625.

*Village of New Holland* v. *Holland*, 99 Ill. App. 251, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. JOHN H. MOFFETT, Judge, presiding.

BALDWIN & STRINGER, for appellants.

BLINN & HARRIS, for appellees.

Per CURIAM: This is an appeal by the president and trustees of the village of New Holland, in Logan county, from a judgment of the Appellate Court affirming a judgment of the circuit court of that county awarding a writ of *mandamus* to compel them to pass an ordinance disconnecting certain territory belonging to the relators from the village, under the provisions of the "act in relation to the disconnection of territory from cities and villages," in force May 29, 1879. (Laws of 1879, p. 77.) After rendition of the judgment the legislature passed the act of May 10, 1901, repealing said act of 1879, and making it discretionary with the trustees whether or not to pass the ordinance making the disconnection, and providing

197—38

that the new act "shall apply to and affect all cases where property has not been disconnected by such city council or trustees of such village, whether application has been made for such disconnection or not." Said last named act is applicable to the case at bar, which is on all-fours with *Vance* v. *Rankin*, 194 Ill. 625, and subsequent cases following that decision. The rule laid down must control the decision of this case. By the very terms of the statute it is made applicable to cases of this character, where the disconnection had not taken place when the act became a law.

The judgments of the Appellate and circuit courts must be reversed. Each party will pay his own costs in this court.

*Judgment reversed.*