## Mayor and City Council of the City of Roodhouse v. Mattie E. Briggs.

1. CITIES AND VILLAGES—*Act of May 10, 1901, in Regard to Disconnecting Territory from City.*—The act of May 10, 1901, makes it discretionary with the city council whether it will or will not disconnect territory from the city on the application of the owners thereof, and is applicable to judgments already rendered when the ordinance making the disconnection has not been passed and the cases in which such judgments have been rendered are pending in upper courts for review at the time said act was passed.

**Mandamus.**—Appeal from the Circuit Court of Greene County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in this court at the May term, 1902. Reversed. Opinion filed November 1, 1902.

ALFRED B. DAVIS, city attorney, and JOHN W. STARKEY, attorneys for appellants.

D. J. SULLIVAN, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a petition for a writ of mandamus, brought by Mattie E. Briggs against the mayor and city council of the city of Roodhouse, in the Circuit Court of Greene County, to compel them to pass an ordinance disconnecting certain territory belonging to her from the city. The Circuit Court awarded the writ and on appeal by the city to the Supreme Court the appeal was dismissed for want of jurisdiction in that court to entertain same before the case had been reviewed by this court and the mayor and city council now prosecute a writ of error out of this court to the Circuit Court to obtain a reversal of the judgment of the latter court.

After the judgment was rendered in the Circuit Court the general assembly passed the act of May 10, 1901, making it discretionary with the city council whether it would not disconnect territory on the application of the owners thereof.

In Vance v. Rankin, 194 Ill. 625, it is held that said act

of May 10th was applicable to judgments already rendered when the ordinance making the disconnection had not been passed and the cases in which such judgments had been rendered were pending in upper courts for review at the time said act was passed. (City of Charleston v. Wiley, 195 Ill. 433.),

What was said by the Supreme Court in the cases *supra*, is conclusive of the question in this case. The judgment of the Circuit Court will therefore be reversed.

Each party will pay his own costs in this court. (City of Charleston v. Wiley, *supra*.)