# Helena Klein, Defendant in Error, v. William J. Reinhardt et al., Plaintiffs in Error.

## Gen. No. 15,823.

1. DEDICATION—*what not acceptance.* The approval of a plat by the public authorities is not an acceptance of a proffered dedication.

2. DEDICATION—*when certificate of town clerk does not show approval of plat.* A certificate of a town clerk that the plat was "approved" is a mere conclusion and does not establish the fact of approval.

3. DEDICATION—*what essential to constitute.* To constitute a valid dedication there must be the intention of the owner to dedicate and an acceptance by the public authorities, which acceptance must be shown by proof that is clear, satisfactory and unequivocal, and may be shown by some order, resolution, or action of the public authorities made and entered of record, or it may be implied from acts of those authorities recognizing the existence of the street or alley and treating it as a public way.

4. DEDICATION—*what express repudiation.* Where, after a dedication of land for a street or alley is proffered to a municipal corporation, the legislative authorities of such corporation, instead of formally accepting it, pass an ordinance declaring it to be vacated, such act amounts to an express repudiation of the proffered dedication, particularly when in the meantime the lands so offered for a street or alley have never been worked, used or recognized as such.

5. DEDICATION—*when ordinance of vacation valid.* Held, that the ordinance in question in this case was adopted and passed in compliance with the provisions of the statute.

6. EVIDENCE—*of what judicial notice taken.* Public acts of the legislature will be judicially noticed by the courts.

Forcible entry and detainer. Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

C. A. FITCH, for plaintiffs in error.

GOODMAN, FRANK & COLBERT, for defendant in error; CHARLES GOODMAN and MARY LEE COLBERT, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an action in forcible entry and detainer brought by Helena Klein, defendant in error, against William J. Reinhardt and Matthias Tennis, plaintiffs in error, in the Municipal Court of Chicago for the possession of a strip of land described in the complaint as ''that strip or parcel of land 15 feet, more or less, in width, lying between the west line of lot 15 and the east line of lots 19 and 20, all in the sub-division of the west 250 feet of the south ½ of block 6, in the sub-division of that part lying northeast of Lincoln Avenue of the N. W. ¼ of section 29, Township 40, North Range 14, east of the 3rd principal meridian, in Cook County, Illinois.''

The cause was tried in the Municipal Court without a jury, and resulted in a finding and judgment against the defendants, plaintiffs in error here. Plaintiffs in error claim neither title nor right of possession of the

strip of land in question, and admit that, if it is not a public alley, defendant in error has good title to it; but assume that by a plat made October 23, 1883, at the instance of the Poor Hand Maids of Jesus Christ, who were then the owners of the tract of land of which the strip in question is a part, they dedicated it to the town of Lake View as a public alley, and that the town of Lake View duly accepted the dedication, and thereupon became the owner of it, and insist that it has never been vacated and is still the property of the town of Lake View.

On that claim as to the facts, plaintiffs in error invoke the application of the rule that in forcible entry and detainer a person, suing, must show a clear right to possession in himself, and cannot rely upon the lack of right to possession in those whom he seeks to dispossess.

It is not claimed by plaintiffs in error that the plat is in such conformity to the statute as to convey the fee to the strip of land in question to the town of Lake View for an alley, but the claim seems to be that the intention of the owner to dedicate it for an alley is thereby disclosed, and that the same was accepted by the public authorities of that town, and that upon such acceptance the dedication became complete.

The contention of plaintiffs in error, that the intention of the owners to dedicate the strip of land in question to the town of Lake View for an alley is sufficiently shown by the making and recording of the plat by the authority of the owner, is undoubtedly correct, but the record is barren of any evidence tending to show that the same was ever worked or improved, or in any way accepted by the public authorities of the town of Lake View, or that the public ever used it as an alley. On the question of acceptance counsel for plaintiffs in error has contented himself by saying, ''It is admitted that there was a valid dedication of this alley made by the Poor Hand Maids of Jesus Christ,

who were at one time the owners of this complex of
land and sub-divided the same into lots, blocks, streets
and alleys, and that the plat showing such sub-division
was *approved* by the board of trustees of the Old
Town of Lake View.'' We have been unable to find
such admission in the record. It *is* stipulated that the
Poor Hand Maids of Jesus Christ had a tract of land
which included this strip platted and that such plat
was approved by the trustees of the town of Lake
View, but that comes far short of an admission that
the dedication proffered by the making of the plat was
a valid dedication, or that it had been *accepted.* The
''approval'' of a plat by the public authorities is a very
different thing from the ''acceptance'' of a proffered
dedication by such authorities. Section 13 of chapter
115 of R. S. of Ill. provides, ''It shall be unlawful for
any recorder to record any map, plat or sub-division
of land situated in any incorporated city, town or vil-
lage until the same has been approved by the legisla-
tive authority of the city, town or village in which such
land may be situated * * * ,'' and provides a penalty
of $200 for a violation of that section. The require-
ments of that section apply to all maps, plats or subdi-
visions of lands situated within the boundaries of such
municipal corporations, whether such maps, plats or
subdivisions include any proposed dedication for
streets, alleys or other public grounds or not, and are
merely prerequisites to the recording of the plat and
have no reference to the question of acceptance of any
proposed dedication of lands for public use. There
is no reason, however, why a formal acceptance of a
proffered dedication might not be made as a part of
the same act, ordinance or resolution by which the
map, plat or subdivision is approved by the legislative
authorities of the municipal corporation, if such
course is pursued, but in the case at bar all there is to
show what action was taken by the town authorities,
even as to the approval of the plat, is found in a cer-

tificate attached to the plat and signed by the town clerk, which is as follows:

"I, James J. Wilson, do hereby certify, that I am Town Clerk of said Town of Lake View, and keeper of the records and seal thereof, and that this plat was approved by the Board of Trustees of said town at a meeting of said Board held on the 5th day of November, A. D. 1883."

This certificate, although made in attempted compliance with section 13, chapter 115, above quoted, amounts to nothing more than the conclusion of the clerk as to what the board of trustees did, and does not even purport to show what the record of their action contains, and has no evidentiary value even to show the approval of the plat, much less the acceptance of the proffered dedication, and even if it be treated as evidence of what the record contains, it has no reference to the question of an acceptance of a dedication.    To constitute a valid dedication, there must be the intention of the owner to dedicate and an acceptance by the public authorities, which acceptance must be shown by proof that is clear, satisfactory and unequivocal, and may be shown by some order, resolution, or action of the public authorities made and entered of record, or it may be implied from acts of those authorities recognizing the existence of the street or alley and treating it as a public way.    People v. Johnson, 237 Ill. 237; City of Chicago v. Drexel, 141 Ill. 89; City of Carlinville v. Castle, 177 Ill. 105; Village of Winnetka v. Prouty, 107 Ill. 218; Hamilton et al v. C. B. & Q. R. R. Co., 124 Ill. 235; City of Chicago v. C. R. I. & P. Ry. Co., 152 Ill. 561.

Aside from the fact that the record is barren of affirmative proof that the town authorities accepted the offered dedication, there is another circumstance that sheds light on the question of acceptance.    On May 4, 1885, an ordinance was passed in terms vacating the alley shown on the plat in question, being the strip of

land involved in this litigation.    This was about eighteen months after the plat was made and was the first and only expression of the town authorities as to whether an alley at that point was desired by the corporation, and that expression was in the negative, and was made in the most formal manner.    This action of the board of trustees, taken in connection with the fact that the alley had never been used as such by the public and had never been worked or improved or recognized as an alley by the corporate authorities, amounts to an express repudiation of the proposed dedication. The facts shown by this record did not constitute a dedication of the strip of land in question, and the title to it remained in the Poor Hand Maids of Jesus Christ, notwithstanding the making of the plat, and by successive conveyances from them and their grantees, it became the property of the defendant in error, and she was the owner of it and entitled to its possession at the time this suit was brought.

Even if there had been a valid dedication, completed by acceptance of the land in question, and the town of Lake View had become the owner of it on the date the plat was made, the judgment in the court below would still be correct, unless, as plaintiff in error contends, the ordinance of May 4, 1885, was ineffectual as a vacation ordinance.

The contention made by plaintiffs in error against the validity of that ordinance is that it was not passed in accordance with the provisions of section 1 of chapter 145, R. S., in two respects:

"First, because there is no evidence in the record to show the number of members which were authorized by law to be elected for the board of trustees of the town of Lake View; and

Second, the requirements of the statute were not complied with, for the reason that the names of the members of said board voting on said vacation ordinance were not entered on the journal."

Section 1, chapter 145, R. S., is as follows:
"* * *   no city council of any city or board of trustees of any village or town, whether incorporated by special act or under any general law, shall have power to vacate or close any street or alley or any portion of the same except upon a three-fourths majority of all the aldermen of the city or trustees of the village or town, authorized by law to be elected, such vote to be taken by ayes and noes, and entered on the record of the council or board, * * * ."

Section 1 of an act entitled "An Act to incorporate a board of trustees for the town of Lake View in Cook county," approved and in force February 16, 1865 (See Private Laws of Illinois, 1865, Vol. 2, Page 484), provides, "* * * * the supervisor, assessor and commissioner of highways of said town of Lake View and their respective successors in office are hereby constituted and declared to be *ex officio* a board of trustees of said town of Lake View."

And section 21 of that act provides, "This act shall be deemed a public act and shall take effect and be in force from and after its passage."

Cook county was at the time that act went in force and ever since has been under township organization. At the time of the passage of the vacation ordinance in question, viz., May 4, 1885, one supervisor, one assessor and three commissioners of highways were required by law to be elected in each township in counties under township organization. (See R. S., chapter 139, art. 7, section 1, and chapter 139, art. 1, sec. 16.)

These various acts of the legislature are public acts of which the court will take judicial notice without proof.    C. & A. Ry. Co. v. Dillon, 123 Ill. 570; Vance v. Rankin, 194 Ill. 625.    From these statutes, when construed together, it is found that the board of trustees of the town of Lake View, when the ordinance in question was passed, was composed of five persons,

viz., the supervisor, assessor and three commissioners of highways of the town.

The record of the proceedings of the board of trustees of the town of Lake View at a meeting held May 4, 1885, shows that four trustees, namely, John McConnell, supervisor, Bernard F. Weber, assessor, John Hufmeyer and C. M. Netterstrom, commissioners of highways, were present and that one trustee, G. H. Carver, commissioner of highways, was absent; that the ordinance in question was "unanimously adopted and passed, the ayes and nays being called resulted in each member present voting in the affirmative."

Nothing would have been added to the certainty of that record, if the names of those present had been rewritten in connection with the roll call. The record of the meeting shows that four of the five members of the board were present and their names were entered in the record, the ayes and noes were called on the passage of the ordinance, and that fact is entered in the record, as is also the fact that they all voted for the passage of the ordinance. The four affirmative votes constituted the required three fourths of all the trustees authorized by law to be elected members of that board.

We think the provisions of section 1 of chapter 145, R. S., above quoted, were substantially complied with, and that the ordinance was properly passed. Barr v. Village of Auburn, 89 Ill. 361; Village of Belknap v. Miller, 52 Ill. App. 617.

Even if there had been a valid dedication of this strip of land on October 27, 1883, this ordinance would have vacated it, and the title would have vested in the owner of the land immediately adjoining (see section 2, chapter 145, R. S.). On the date of the passage of this ordinance one Margaretta Schuetz, from whom defendant in error acquired title to this strip of land, was the owner of all the land adjoining it, and would have acquired title to it by operation of law on the

passage of the vacation ordinance, if she had not already been the owner.    The principle that one who purchases lots adjacent to a platted alley purchases them with reference to the existence of that alley and has a right to insist that the alley shall remain open for public use has no application here, because neither of the plaintiffs in error acquired title to any land included in the plat, until nearly twenty-one years after the passage of the ordinance vacating the alley, and certainly did not do so with reference to the existence of that alley.

From every standpoint from which this record is viewed the judgment of the court below was correct, and the same is affirmed.

*Judgment affirmed.*